Laverne G. Weidner, Appellant, *v.* Workmen's Compensation Appeal Board and Firestone Tire & Rubber Company, Appellees.

Argued June 6, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three. Reargued December 4, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*S. Harry Galfand,* with him *Joseph Lurie* and *Galfand, Berger, Senesky, Lurie & March,* for appellant.

*John G. Jenemann,* with him *Joseph R. Thompson* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, February 25, 1975:

The sole issue in this claimant's appeal in a workmen's compensation case is whether the compensation authorities erred in failing to award him attorney's fees.

The claimant sustained an injury to the cornea of his right eye in the course of his employment by Firestone Tire & Rubber Company. He spent eight or nine

days in the hospital where surgery was performed on his eye. He eventually returned to his former employment without loss of wages; he remained, however, under his physician's care, including periodic examination for cataract of the injured eye and for possible prescription of eyeglasses. The vision in the right eye remains impaired under certain conditions of light.

After the claimant returned to work a representative of the employer, apparently on instructions from the employer's insurance carrier, requested the claimant to execute a final receipt. The claimant declined.

The instant proceedings were commenced by the employer's filing of a petition for termination. The claimant consulted counsel and filed an answer claiming a residual disability and noting the fact that he was still receiving medical attention.[1]

The referee's hearing was conducted in Reading and the claimant appeared with his counsel, a Philadelphia practitioner. After a short colloquy[2] among counsel and the referee, the referee suggested a suspension to which counsel for both parties agreed. In response either to claimant's counsel's demand for an award of medical bills or his demand for an award of attorney's fees, the carrier's counsel insisted that evidence be taken on the issue of claimant's continued need of treatment for his injury. This was, thereupon, amply provided by the claimant on interrogation by his counsel.

The referee filed his decision and order dismissing the petition for termination but suspending compensa-

---

[1] The employer's carrier seems, as late as the time of argument in this court, to have been under the misapprehension that the claimant had not filed an answer. Its brief stresses the alleged absence of an answer as a grounds for denying attorney's fees.

[2] During which claimant's counsel stated that some days previously he had conferred by telephone with the carrier's adjuster and suggested a suspension of the agreement but that this offer had been declined.

tion, concluding that the petitioners had "woefully failed" to produce evidence in support of termination. The referee failed, however, to award counsel fees. The Workmen's Compensation Board, although recognizing that the appeal to it raised only the referee's failure to award attorney's fees, dismissed the appeal without discussion of the merits on that issue. The claimant has appealed to us, asserting that the exclusion of attorney's fees was error. We agree with the appellant.

Section 440 of The Pennsylvania Workmen's Compensation Act, Act of February 8, 1972, P. L. , No. 12, §3, 77 P.S. §996 (Supp. 1974-1975), *amending* Act of June 2, 1915, P. L. 736, provides:

"In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings; Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established: And provided further That if the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer.

"In contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, where the contested issue, in whole or part, is resolved in favor of the claimant, the claimant shall be entitled to an award of reasonable costs as hereinabove set forth."

The appellant seems to contend that the second paragraph of Section 440 relating, *inter alia*, to petitions for termination require that attorney's fees be awarded in all cases where the contested issue, in whole or part, has been resolved in favor of the claimant. We do not agree with this construction. We believe, rather, that the preposition *as* in the final phrase, "as hereinabove set forth," expresses the Legislature's intention that costs in such cases shall be awarded in the circumstances described in the first paragraph of Section 440. Hence, attorney's fees shall be awarded unless a reasonable basis for the employer's contest has been established; or otherwise expressed, the award of attorney's fees is the rule and their exclusion is the exception to be applied in cases where the record establishes that the employer's or carrier's contest is reasonably based.

Our careful review of this short record compels the conclusion that the employer's pursuit of its petition to terminate after the claimant's filing of an answer claiming residual disability and asserting continued medical care was not a contest for which there was a reasonable basis. The facts of disability and continued treatment were readily available to the employer and its carrier; the claimant's willingness that the agreement be suspended readily ascertainable; and the referee's hearing at which claimant's counsel necessarily appeared was wholly unnecessary. We therefore make the following

## ORDER

AND Now, this 25th day of February, 1975, the orders of the referee and the Workmen's Compensation Appeal Board are set aside and the matter is remanded to the Workmen's Compensation Appeal Board for the purpose of the entry of a further order suspending compensation payments and after further hearing the award to claimant of reasonable costs incurred for attorney's fees in connection with these proceedings.