Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and W. R. Wallis, Inc. *v.* Myron Denny, Jr., Appellant.

Argued February 6, 1976, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*William F. Bradican,* for appellant.

*Joseph A. Murphy,* with him *John R. Lenahan,* and *Lenahan, Dempsey & Murphy,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE KRAMER, July 2, 1976:

This is an appeal by Myron Denny, Jr.[1] from an adjudication of the Workmen's Compensation Appeal Board affirming the determination of the referee that Denny's employer, W. R. Wallis, Inc., was not liable for the payment of the attorney's fees and costs incurred by Denny as a result of the unsuccessful petition to terminate filed by Wallis. We will reverse.

On April 24, 1970, Denny experienced a compensable injury as a result of which he entered into the compensation agreement with Wallis dated May 7, 1970, providing for workmen's compensation benefits. Wallis' physician conducted physical examinations of Denny on March 21, 1972 and on January 30, 1973. On March 21, 1973, Wallis filed a petition to modify the agreement to reduce the total disability to twenty-five percent disability. After hearing, a referee on October 23, 1973, determined that Denny remained totally disabled and dismissed the petition to modify. Within six months thereafter Denny was again examined on April 1, 1974, by Wallis' physician, as a result of which Wallis filed a petition to terminate on April 26, 1974. Hearings were held, and on February 10, 1975, the referee dismissed the

---

[1] It is to be noted that claimant spells his name "Denney", not "Denny", although the latter was used in the record.

petition to terminate. As part of his adjudication, the referee made a conclusion which he denoted as a finding (No. 6), the pertinent part of which reads:

"We find as a fact that the defendant is not liable for payment of this [Denny's physician's] examination. We also find as a fact that the defendant is not liable for the payment of claimant's attorney's fee."

On March 19, 1975, Denny appealed to the Board from that portion of the referee's decision denying costs and attorney's fees. In affirming the referee, the Board concluded that:

"imposition of attorney's fees under the amendments to the Pennsylvania Workmen's Compensation Act, effective May 1, 1972, are not procedural, but substantive, and increase obligations for which the employer and carrier would be liable, and, therefore, do not apply to accidents predating the effective date of said amendments."

In his appeal to this Court, Denny argues that the Board committed an error of law. We agree. In 1972, the General Assembly made substantial changes to the Workmen's Compensation Act, Act of June 2, 1915, *as amended,* P.L. 736, 77 P.S. §1 et seq. In the introductory paragraphs of the amendatory statute, the Legislature specifically declared:

"that the purpose of the amendments added by this amending act to The Pennsylvania Workmen's Compensation Act is to correct these [as explained in preceding paragraphs] procedural deficiencies and assure the full payment of compensation when due." The specific amendment in question in this case is Section 440, 77 P.S. §996, which we set forth *in toto:*

"In any contested case where the insurer has contested liability in whole or in part, the employee or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be

awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings; Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established: And provided further That if the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer.

"In contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, where the contested issue, in whole or in part, is resolved in favor of the claimant, the claimant shall be entitled to an award of reasonable costs as hereinabove set forth."

Wallis argues that because Section 440 quoted above increases its obligations for which its insurer would be liable, the provisions of the section are substantive, rather than procedural and, therefore, because the industrial accident causing Denny's injuries occurred prior to the effective date of the amendment (May 1, 1972), Denny is not entitled to costs or attorney's fees. Wallis relies heavily upon our opinion in *Hartman v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 609, 333 A.2d 819 (1975) and *Crangi Distributing Co. v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 530, 333 A.2d 207 (1975), but those cases are inapposite for the reason that they both involve a claim petition filed by the injured employe and not petitions for termination filed subsequent to the initial determination of the employer's liability. There is, however,

an opinion of this Court interpreting Section 440 as applied to petitions to terminate. *See Weidner v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 561, 332 A.2d 885 (1975). In *Weidner* we held that the second paragraph of Section 440, quoted above, did not automatically require payment of costs and attorney's fees to be awarded in all cases on petitions for termination resolved in favor of the worker, but that:

". . . attorney's fees shall be awarded unless a reasonable basis for the employer's contest has been established; or otherwise expressed, the award of attorney's fees is the rule and their exclusion is the exception to be applied in cases where the record establishes that the employer's or carrier's contest is reasonably based." 16 Pa. Commonwealth Ct. 561 at 565, 332 A.2d 885 at 887.

We hold that the Board erred in its determination that costs of attorney's fees in this case were not available to Denny because they represent increased liability subsequent to the date of the injury and the effective date of the amendments to Section 440. Our reading of the second paragraph of Section 440 leads us to conclude that the Legislature intended such additional burdens to be procedural and, therefore, they can be imposed upon the employer and his insurer in all proceedings brought after the effective date of the amendment. The good sense of this amendment is proven by the procedural facts of this case. Here the employer agreed to pay the employe compensation for his injuries sustained during the course of his employment. Later the employer filed a petition to modify, and within six months after a determination against the employer, it filed another action to change its contractural liabilities, and this time it was to terminate Denny's benefits. We more easily could follow the logic of Wallis in this case if it had

first attempted to terminate and having failed to prove successfully that Denny's disability no longer existed, thereafter attempted to modify, but the converse is puzzling. A reading of the proof offered by Wallis indicates that it was in reality an attempt to attack the causal relationship of Denny's injuries in the first instance, which it already had acknowledged in the written agreement.

In keeping with the general remedial purpose of the Act, the Legislature, through the amendment to Section 440, has provided a means for the injured worker to protect his rights under the Act through a recoupment of expenditures incurred in defending those rights in cases where the employer has unsuccessfully supported its petition to terminate or modify. The insurer has a far greater financial capability to file and fight lawsuits than the average injured worker, and so as we stated in *Weidner, supra,* the award of reasonable costs and attorney's fees is the general rule unless a reasonable basis for the employer's contest is established. There is nothing in the facts of this case which would indicate to us that a reasonable basis existed for the employer's or its insurance carrier's contest. In effect, the subsequent action appears to have been brought more for harassment than for resolution of any genuinely disputed liability; however, under the statute the existence or nonexistence of a reasonable basis is a question of fact to be determined by the referee and the Board.

In summary we hold that petitions described in the second paragraph of Section 440 quoted above and commenced after May 1, 1972, are separate actions or proceedings, and hence unaffected by the fact that the injury occurred prior to May 1, 1972. Although liability for the payment of costs and attorney's fees increases the burden on the employer and its insurer, this burden is procedural in nature and not substantive.

In such cases it is required that the referee and the Board make findings on the reasonableness of the costs and attorney's fees, and also whether there was a reasonable basis for the employer's contest as established by substantial evidence in the record. Because the referee and Board did not make these crucial findings, we must remand for that purpose.

We therefore

ORDER

AND Now this 2nd day of July, 1976, the adjudication of the Workmen's Compensation Appeal Board dated August 28, 1975 in the above-captioned matter is reversed and it is ordered that the entire matter be remanded to the Board for the purpose of reviewing the record and holding additional hearings, if, in the Board's exclusive discretion, that be deemed to be necessary, for the purpose of making findings on whether the costs and counsel fees requested by Myron Denny, Jr. are reasonable, and also whether there was a reasonable basis for the employer's contest, established by the record, in accordance with Section 440 of the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §996.