Firestone Tire & Rubber Co. and Liberty Mutual Insurance Co., Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Leverne G. Weidner, Respondents.

Argued March 5, 1979, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*John A. Fitzpatrick*, with him *Joseph R. Thompson*, for petitioners.

*Marc S. Jacobs*, with him *Roland Artigues*, for respondents.

OPINION BY JUDGE WILKINSON, JR., April 11, 1979:
This is the third time this case has been argued before this Court involving the attorney's fee, if any due claimant's counsel (respondent); once before a panel, once before the Court en Banc listed by this Court sua sponte resulting in a remand, and again in this appeal after a remand hearing. The previous argument before the Court en Banc was on an appeal from the decision of the Workmen's Compensation Appeal Board (Board) affirming the decision of the referee that suspended compensation payments and declined to award counsel fees. With an opinion by Judge ROGERS, we reversed the Board, determined that counsel fees were due, and remanded "for the purpose of the entry of a further order suspending compensation payments and after further hearing the award to claimant of reasonable costs incurred for attorney's fees in connection with these proceedings." *Weidner v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 561, 565, 332 A.2d 885, 887 (1975). This reversal of the Board was based on our decision that there had been no showing of a reasonable contest.

On remand counsel for claimant testified with commendable candor that his fee arrangement with claimant was to be 20 percent of any award received but if no award were received the claimant would not owe him any counsel fee.

Able counsel for claimant sets forth in his brief a convincing argument for why the law should provide payment by petitioner for his services to claimant under these circumstances, whether claimant has incurred any costs or not. Suffice it to say such argument must be made to the legislature and not to this Court.

Respondent's argument that Section 442 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. §998, supports his position is answered by a mere reading:

> All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any referee or the board, whether or not allowed as part of a judgment, shall be approved by the referee or board as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded. The official conducting any hearing, upon cause shown, may allow a reasonable attorney fee exceeding twenty per centum of the amount awarded at the discretion of the hearing official.

> In cases where the efforts of claimant's counsel to produce a result favorable to the claimant but where no immediate award of compensation is made such as in cases of termination or suspension the hearing official shall allow or award reasonable counsel fees, as agreed

upon by claimant and his attorneys, without regard to any per centum.

The agreement between claimant and his attorney in this case was that there would not be a fee in this instance. This is entirely compatible with Section 440 of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. §996.

In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established: And provided further That if the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer.

In contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, where the contested issue, in whole or part, is resolved in favor of the claimant, the claimant shall be entitled to an award of reasonable costs as hereinabove set forth.

In *Weidner, supra,* Judge ROGERS expressly stated that the second paragraph is limited by the terms of the first paragraph. Judge KRAMER, in his opinion in

*Workmen's Compensation Appeal Board v. Denny,* 25 Pa. Commonwealth Ct. 395, 400, 360 A.2d 306, 309 (1976) expressly recognized this limitation when he pointed out that this provision of the Act "provided a means for the injured worker to protect his rights under the Act through *a recoupment of expenditures incurred* in defending those rights. . . ." (Emphasis added.) Again, in *Workmen's Compensation Appeal Board v. Bethlehem Mines Corp.,* 23 Pa. Commonwealth Ct. 517, 521, 353 A.2d 79, 81 (1976):

> The purposes of Section 440, 77 P.S. §996, are to deter unreasonable contests of workmen's claims and to ensure that claimants successful in litigation of their claims should receive compensation *undiminished by the costs of litigation.* (Emphasis added.)

Accordingly, we will enter the following

ORDER

AND Now, April 11, 1979, the order of the Workmen's Compensation Appeal Board, dated March 30, 1978, No. A-73190, is reversed and the award of counsel fees is disallowed.

Judge BLATT dissents.