Jones & Laughlin Steel Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (White), Respondents.

Submitted on Briefs September 12, 1985, to Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Michael D. Sherman, Fried, Kane, Walters & Zuschlag,* for petitioner.

*Patrick F. McArdle, McArdle, Caroselli, Spagnolli & Beachler,* for respondent, Amber C. White.

OPINION BY SENIOR JUDGE BARBIERI, October 21, 1985:

Jones & Laughlin Steel Corporation, Employer, appeals here the order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's order awarding compensation benefits and assessing counsel fees against the Employer for the failure of a reasonable contest under Section 440 of the Workmen's Compensation Act (Act),[1] 77 P.S. §996.

The Claimant in this case, Amber C. White, suffered a back injury in the course of her employment on September 3, 1981, while lifting garbage cans, each weighing approximately 100 pounds. She reported immediately to the Employer's dispensary where she continued to be treated, also continuing to work until September 29, 1981, when her suffering required her

---

[1] Act of June 2, 1915, P.L. 736.

to discontinue her duties. Instead of paying workmen's compensation benefits, which Claimant requested, Employer denied compensation benefits and instead arranged for payments to her under Employer's sickness and accident benefit insurance to the total of $9,984.00,[2] for which subrogation against its liability under the Act was subsequently granted by the referee. At the several hearings held before the referee from January 8, 1982 to September 26, 1983, the reports of Dr. Herman I. Switkes, plant physician, and other medical witnesses to whom the Claimant had been referred by Employer's attending physicians and medical advisors were received in evidence, all favorable to the Claimant. The following findings are all supported by substantial evidence:

14. That the claimant was examined by Dr. Palmer, a board certified specialist in neurosurgery, on November 24, 1982. He recommended admission to the Mercy Hospital for testing and evaluation.

15. That the claimant was hospitalized in the Mercy Hospital from December 5, 1982 thru December 16, 1982 under the care of Drs. Gray, Hershey, Palmer, Nayak and Lyons. A CT scan, myelogram and EMG studies were performed and all were interpreted as within normal limits. On December 10, 1982 she was transferred to the Rehabilitation Service under

---

[2] We note that under the terms of Section 406.1 of The Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §717.1, the employer who "controverts the right to compensation" is obliged to promptly notify the employee . . . on a form provided by the department, stating the grounds upon which the right to compensation is controverted and shall forthwith furnish a copy or copies to the department." *See* 34 Pa. Code §121.13, "Denial of Compensation" and *Mosgo v. Workmen's Compensation Appeal Board (Tri-Area Beverage, Inc.),* 84 Pa. Commonwealth Ct. 316, 480 A.2d 1285 (1984).

the care of Dr. Jane G. Phillips, a board certified specialist in physical medicine and rehabilitation.

16. That it was the opinion of Dr. Phillips that the claimant as a result of her September 3, 1981 injury suffered from a low back pain syndrome which disabled her from performing her previous occupation or any occupation involving lifting in excess of 25 pounds.

Based on the foregoing, the referee found, *inter alia*, No. 17(c) as follows:

(c) That the claimant as a result of her September 3, 1981 injury has been continuously disabled since September 30, 1981 for [sic] performing her previous occupation and no evidence or testimony was adduced to show that work within her physical limitations is available to her.

Employer calls to our attention the referee's Finding of Fact No. 11, which reads:

11. That the claimant, at the behest of the defendant, was examined by Dr. Norman Minde, who practices in the field of physical medicine and rehabilitation, on March 26, 1982. He found no evidence of disability, concluded that the claimant's complaints and responses were inconsistent and was of the opinion that she had fully recovered from her September 3, 1981 injuries and could return to her regular work.

Employer, relying upon Finding No. 11, contends that there is this medical testimony which is in conflict with the other medical testimony of Claimant and of defendant's physicians and that, therefore, proof is thus furnished of a reasonable contest so that we should reverse the referee's order affirmed by the Board awarding counsel fees payable by Employer. We disagree. First of all, Dr. Minde did not examine

the Claimant until March 26, 1982, some eight months after the Claimant's injury of September 3, 1981, which was reported that day to Defendant's plant physicians. This establishes, of course, that the contest, without any reasonable basis that we can discern in our review of the record, was already a *fait accompli* before Dr. Minde's examination even took place. Furthermore, in the light of all of the other uncontradicted proofs of Claimant's compensable disability, it could hardly be said that the contest here was brought "for resolution of any generally disputed liability. . . ." *Workmen's Compensation Appeal Board v. Denny,* 25 Pa. Commonwealth Ct. 395, 400, 360 A.2d 306, 309 (1976).[3] It has long been settled in this Commonwealth that under Section 440 of the Act

> Attorney's fees shall be awarded unless a reasonable basis for the employer's contest has been established; or otherwise expressed, the award of attorney's fees is the rule and their exclusion is the exception to be applied in cases where the record establishes that the employer's or carrier's contest is reasonably based.

*Weidner v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 561, 565, 332 A.2d 885, 887 (1975).[4]

---

[3] The late Judge KRAMER, speaking for the Court in *Denny,* stated:

> There is nothing in the facts of this case which would indicate to us that a reasonable basis existed for the employer's or its insurance carrier's contest. In effect, the subsequent action appears to have been brought more for harassment than for resolution of any genuinely disputed liability; however, under the statute the existence or non-existence of a reasonable basis is a question of fact to be determined by the referee and the Board.

[4] In *Weidner* a remand was ordered with directions after a panel argument followed by en banc argument. Following the

While it is true that a contest can be deemed to be not unreasonable where conflicting medical evidence has been presented, we find no basis to disturb the determination by the compensation authorities that the contest here was not a reasonable one simply because the Employer produced a medical examiner whose testimony is based upon a post-hoc examination following by several months Employer's decision to contest the Claimant's application for benefits. We find the following findings by the referee, affirmed by the Board, to be supported by substantial evidence and to be dispositive of Defendant's contentions:

(f) The denial of compensation benefits was made on October 23, 1981 on the basis that the employee was unable to confirm the alleged industrial injury. The dispensary record alludes to the fact that no unusual experience—no accident occurred. This requirement has long been antiquated by the 1972 amendments to this Act.

(g) The record as a whole, including the testimony of Dr. Jane G. Phillips, the defendant's consulting physician, clearly indicates that the claimant's disability resulted from the September 3, 1981 injury.

Accordingly, we will affirm.

---

remand, however, upon a further appeal to this Court, an award of counsel fees assessed against the employer was reversed by a three judge panel, with one dissent. *Firestone Tire & Rubber Co. v. Workmen's Compensation Appeal Board (Weidner)*, 41 Pa. Commonwealth Ct. 601, 399 A.2d 1176 (1979). On further appeal to our Supreme Court, this second decision of this Court was reversed, with the Supreme Court ordering that counsel fees be assessed for the services rendered to the claimant in securing the suspension that was entered, regardless of contingent fee agreement as between the attorney and his client. *Weidner v. Workmen's Compensation Appeal Board (Firestone Tire & Rubber Co.)*, 497 Pa. 516, 442 A.2d 242 (1982).

## ORDER

Now, October 21, 1985, the order of the Workmen's Compensation Appeal Board dated March 8, 1984, at No. A-87091, is hereby affirmed.