344

551 A.2d 680

Leon Drayton, Petitioner *v.* Workmen's Compensation Appeal Board (Fruehauf Corporation), Respondents.

Submitted on briefs June 7, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Marvin Beshore, Milspaw & Beshore,* for petitioner.

*James F. Carl, Metzger, Wickersham, Knauss & Erb,* for respondent.

Opinion by Senior Judge Narick, December 27, 1988:

The sole issue before us in this workmen's compensation appeal is whether attorney's fees should be assessed against Fruehauf Corp. (Employer) for failure to establish a reasonable basis for its contest of Leon Drayton's (Claimant's) claim for benefits.[1] The referee awarded counsel fees; the Workmen's Compensation Appeal Board (Board) reversed. We now reverse.

At the hearing held on October 22, 1984, the Claimant described the circumstances surrounding two work-related injuries to his back. The first occurred December 19, 1983, when Claimant experienced back pain on the job. (His job consisted of applying decals to truck panels, which involved bending from the waist and stretching out over a table to apply pressure to the decal.) He reported the pain to the company nurse, who applied hot packs and liniment and referred Claimant to the company physician, Dr. Barnoski. Dr. Barnoski prescribed an elastic belt and medication, which alleviated the pain sufficiently so as to allow Claimant to continue working. Then, on May 9, 1984, Claimant was temporarily assigned to a different position, that of operating a floor drill, a jack-hammer type device which vibrates violently. After approximately ten hours of using the drill, Claimant experienced a sharp pain in his lower back. When he arrived for work next morning, Claimant reported his back pain to his foreman. He went to the company nurse and was sent home. He again saw Dr. Barnoski, who prescribed medication and rest. Dr. Barnoski then referred Claimant to Dr. Richard Hallock, who first examined him on May 30, 1984. The

---

[1] Claimant filed two claim petitions for two separate injuries, which were later consolidated.

Employer presented no evidence at the referee's hearing.

Both parties submitted expert medical testimony by way of deposition. In rendering his award of compensation, the referee accepted Dr. Hallock's conclusion that Claimant was disabled due to chronic lumbo-sacral strain caused by operating the floor drill at work.

In determining that Employer did not have a reasonable basis for contesting Claimant's claim, the referee noted that the Employer had offered no evidence to challenge the fact or cause of Claimant's injury, nor his motivation to work. Further, the physician who testified on behalf of the Employer, Dr. Perry Eagle, conceded that "[C]laimant's employment activity could have created the strain on his lower back." Finding of Fact No. 15. Accordingly, the referee awarded counsel fees pursuant to Section 440 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §996.

On Employer's appeal, the Board affirmed the grant of benefits, but reversed on the reasonable contest issue because it concluded that "it [is] plausible to find that Dr. Eagle considered the Claimant to have nothing wrong with him and be malingering." Board opinion at 2.

The question of the reasonableness of an employer's contest is one of law which must be based upon the facts, as found by the referee, which are supported by substantial evidence of record. *Edmond v. Workmen's Compensation Appeal Board (Devon Apparel Co.)*, 68 Pa. Commonwealth Ct. 482, 449 A.2d 827 (1982).

The Employer here argues, essentially, that because the medical evidence was conflicting, it necessarily had a reasonable basis to contest Claimant's claim. While it certainly is true that a contest may be deemed to be not unreasonable where conflicting medical evidence has

been introduced, the circumstances in this case lead us to the conclusion that the contest here was not reasonable.

As was the case in *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board (White)*, 92 Pa. Commonwealth Ct. 318, 500 A.2d 494 (1985) (*J&L Steel*), Dr. Eagle examined Claimant some eight months after the May 9, 1984 incident. The Employer's denial of compensation was presumably based upon the grounds that Claimant's injury was not work-related or that Claimant was not disabled, both reasons it asserted in its answers to Claimant's claim petitions.[2] As in *J&L Steel*, this establishes that the Employer's decision to contest the claim was a *fait accompli* long before Dr. Eagle had even examined the Claimant. "Furthermore, in light of all of the other uncontradicted proofs of Claimant's compensable disability, it could hardly be said that the contest here was brought 'for resolution of any generally [genuinely] disputed liability, . . .' Workmen's Compensation Appeal Board v. Denny, 25 Pa. Commonwealth Ct. 395, 400, 360 A.2d 306, 309 (1976)." *Id.* at 322, 500 A.2d at 495 (footnote omitted).

In reaching our conclusion that there was not a reasonable contest here, we have carefully examined the medical evidence. When the depositions of Drs. Hallock and Eagle are compared, the similarities are striking. The results of tests that both performed or reviewed

---

[2] Although the referee made mention of the Employer's denial of compensation for the December 19, 1983 injury at the hearing, neither a copy of that form nor the denial for the May 9, 1984 injury appears in the record on appeal. We note that Section 406.1 of the Act, 77 P.S. §717.1 requires that an employer who "controverts the right to compensation . . . shall promptly notify the employe . . . , on a form prescribed by the department, stating the grounds upon which the right to compensation is controverted and shall forthwith furnish a copy or copies to the department."

were essentially identical. For example, both physicians agreed that Claimant's x-rays were normal, revealing only normal degenerative changes and ruling out the possibility of a herniated disc. Claimant denied any pain extending below his lower back and both doctors noted that the reflexes in his lower extremities were intact. Both related that Claimant experienced pain when asked to perform straight leg raising tests at 70 degrees (Dr. Eagle) and 75 degrees (Dr. Hallock). Both agreed that the results of a CAT scan were normal.

The doctors' testimony differed in few areas. While Dr. Hallock noted a tenderness in the lumbo-sacral area, which he characterized as objective evidence of muscle spasm, Dr. Eagle found no tenderness. Dr. Hallock found Claimant's forward flexion to be limited while Dr. Eagle characterized it as within normal limits.

The key areas of dispute, of course, were regarding the cause of Claimant's injury and the extent of his disability. Dr. Hallock opined that Claimant was totally disabled by his chronic back pain resulting from the work episode of May 9, 1984. Dr. Eagle described the circumstances surrounding Claimant's injury as "rather foggy." Eagle deposition at 12. On cross-examination, however, he admitted that Claimant was not an articulate man and volunteered that he was perhaps a poor historian, which could account for his failure to accurately recall dates and time sequences. (In this regard, the timing of Dr. Eagle's examination—8 months after the injury—is noteworthy). When asked on direct examination for his diagnosis, Dr. Eagle stated:

> This patient may have sustained a lumbar sprain. There was certainly no evidence of a herniated disc or radiculopathy—that is a ruptured disc or pinched nerve. It was my opinion also after interviewing this patient extensively that

the circumstances surrounding his low back disorder were rather foggy. He certainly had no objective findings to substantiate his complaints. Indeed, it was my opinion that some of the observations during the examination may support the proposition that the patient has some functional [psychological] components to his complaints.

Eagle deposition at 12. And, while he had intimated in earlier testimony that Claimant may have been malingering, he opted to give credence to Claimant's complaints of pain by imposing a fifty-pound weight-lifting restriction on any employment.[3]

Finally, as this Court in *J&L Steel* noted, it has long been settled that

'[a]ttorney's fees shall be awarded unless a reasonable basis for the employer's contest has been established; or otherwise expressed, the award of attorney's fees is the rule and their exclusion is the exception to be applied in cases where the record establishes that the employer's or carrier's contest is reasonably based.'

---

[3] Unlike the Board, we do not read the following excerpt from the doctor's testimony to affirmatively support a conclusion that Dr. Eagle believed that Claimant was, in fact, malingering, particularly given the fact that the doctor gave Claimant the benefit of the doubt in deciding to impose a weight-lifting restriction:

With extension of the lumbar spine from a flexed position—that is, when bending, when straightening from the bent position—a cogwheel type motion is noticed. This is an abnormal finding. A cogwheel-like motion is one of a ratchety click, click, click, click, when arising or moving through a range of motion in spurts, rapid spurts. This is not a normal muscular function and is considered by many to be a sign of malingering or of attempted attempts by a patient to demonstrate muscular stress and imbalance.

Eagle deposition at 8.

*Id.* at 322, 500 A.2d at 495-96, *quoting Weidner v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 561, 565, 332 A.2d 885, 887 (1975) (footnote omitted).

In this case, where the Employer's own physician's findings essentially duplicated those of Claimant's medical expert, and where the Employer's doctor placed limitations on Claimant's ability to return to his work,[4] we cannot conclude, as a matter of law, that Employer had a reasonable basis to contest Claimant's claim for benefits. Accordingly, we reverse the order of the Board insofar as it denied counsel fees under Section 440 of the Act. In all other respects, the Board's order is affirmed.

## ORDER

AND NOW, this 27th day of December, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed insofar as it denied counsel fees under Section 440 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §996. In all other respects, said order is affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

[4] The Employer made no effort to adduce testimony regarding the availability of jobs within Claimant's limitations.