**Tracy RITTER, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BOB'S BIG BOY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 15, 1997.

Decided Oct. 27, 1997.

Carolyn Anner, Harrisburg, for petitioner.

Eugene N. McHugh, Harrisburg, for respondent.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue before this Court is whether a claimant that fails to introduce the costs of litigation before a Workers' Compensation Judge (WCJ), but is granted costs of litigation, should be allowed to reopen the record to introduce evidence of costs.

Tracy Ritter (Claimant) appeals from the order of the Workers' Compensation Appeal Board (WCAB) that reversed the WCJ's grant of her costs of litigation against Bob's Big Boy, Inc. (Employer). We vacate and remand.

Claimant slipped on a wet floor while at work, reporting the incident to her supervisor but not pursuing immediate medical treatment. Eventually, Claimant received treatment from Robert L. Green, D.O. Claimant sought medical benefits which Employer denied but as a courtesy paid for all related medicals. Dr. Green released Claimant from medical treatment on March 1, 1991, and she subsequently returned to work.[1] Claimant again received treatment

---

1. Claimant terminated employment with Employer prior to November 1992.

for knee pain in November 1992 and January 1994, which Employer also denied.

Following a hearing, the WCJ determined that while Claimant had suffered an injury, she had fully recovered as of March 19, 1991. The WCJ concluded that Claimant had "medical bills for treatment of the injury" (Conclusion of Law 2) and that "costs should be awarded to the Claimant." (Conclusion of Law 7.) However, Claimant failed to introduce into evidence any bill of costs.

Employer appealed arguing that the WCJ erred in granting ligation costs pursuant to Section 440 of The Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 996, because applicable regulations require such claims for reimbursement to be submitted into the record. Employer also argued that the WCJ erred in granting litigation costs because Claimant did not receive a determination which, in whole or in part, was in her favor. Employer contended that Claimant had gained no monetary or change in status benefit from filing the claim petition, as Employer had already paid her medicals up to March 19, 1991, and thus, was not entitled to benefits.

Relying on *St. Mary's Home of Erie v. Worker's Compensation Appeal Board (Stadtmiller),* 683 A.2d 1266 (Pa.Cmwlth. 1996), the WCAB reversed. The WCAB held that Claimant failed to meet her burden of proving the amount of litigation costs prior to the close of record and thus, the WCJ abused its discretion in granting costs. The WCAB did not address Employer's second argument that Claimant had not received a determination, in whole or in part, in her favor.

■ On appeal to this Court,[2] Claimant argues that the WCAB erred in refusing to remand for a determination of litigation costs because the WCJ had already awarded such costs but closed the record before the costs could be submitted.

Section 440 of the Act states:

Contested cases regarding liability; attorney's fees and other costs; limitation and calculation

(a) In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

(b) If counsel fees are awarded and assessed against the insurer or employer, then the referee must make a finding as to the amount and the length of time for which such counsel fee is payable based upon the complexity of the factual and legal issues involved, the skill required, the duration of the proceedings and the time and effort required and actually expended. If the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer.

77 P.S. § 996.

■ Under the Act, in contested cases which are resolved in whole or in part of a claimant, the claimant is entitled to an award of reasonable costs for witnesses, necessary medical examinations and the valuation of unreimbursed lost time to attend proceedings. *Thomas v. Workmen's Compensation Appeal Board (School District of Philadelphia),* 153 Pa.Cmwlth. 560, 621 A.2d 1192

2. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

(1993), *appeal denied,* 538 Pa. 679, 649 A.2d 679 (1994).[3]

In *St. Mary's,* the case upon which the WCAB relied, we addressed the issue of litigation costs which had been submitted after the record was closed and on which the WCJ had relied. We held that the WCJ abused his discretion in reopening the record to accept the claimant's bill of costs without allowing the employer the opportunity to dispute and/or question the costs. However, we do not believe *St. Mary's* stands for the proposition that costs which have been allowed by a WCJ cannot be introduced upon remand, if the employer has the opportunity to challenge such costs. Claimant argues that we should view *St. Mary's* in context with the larger line of cases which hold that a prejudicial and premature closure of the record is an abuse of discretion which will be reversed and remanded. *See Essi International, Inc. v. Workmen's Compensation Appeal Board (Bowman),* 132 Pa.Cmwlth. 573, 573 A.2d 677 (1990); *Township of Newtown v. Workmen's Compensation Appeal Board (Newby),* 74 Pa.Cmwlth. 474, 459 A.2d 1372 (1983). Employer has not alleged any prejudice by allowing the introduction of litigation costs which it would be allowed to challenge upon remand but only states that Claimant should lose the opportunity to introduce these costs pursuant to the Act and the regulations thereunder.[4] We do not agree.

As the Supreme Court set forth in *Martin v. Workmen's Compensation Appeal Board (Emmaus Bakery),* 539 Pa. 442, 447, 652 A.2d 1301, 1303 (1995), workers' compensation benefits are "remedial in nature" and should be "liberally construed to effectuate ... humanitarian objectives." Here, counsel's failure to introduce Claimant's costs should not be used to frustrate the purpose or the spirit of the Act. Reopening the record is certainly permissible where the interest of justice will be served. *Cudo v. Hallstead Foundry, Inc.,* 517 Pa. 553, 539 A.2d 792 (1988).

■ Employer also challenged the grant of costs on the basis that Claimant is not entitled because the WCJ's decision did not finally determine, in whole or in part, in favor of Claimant. The WCAB did not address this issue as it denied costs on the basis that the bill of costs had not been submitted into the record. However, it is apparent that the WCJ's determination was in Claimant's favor as he did grant costs. In this Court's opinion, while Claimant did not receive additional benefits other than medical costs paid in advance by Employer, she did prevail in establishing a work-related injury.

Thus, the WCJ did correctly grant benefits as Claimant was successful, in part, as allowed by Section 440 of the Act. Therefore, we hold that the WCAB erred in reversing the WCJ's determination that Claimant was entitled to costs as a matter of law and remand the case to the WCAB to reopen the record to allow Claimant, in the interest of justice, the opportunity to introduce costs which Employer may then contest.

Accordingly, we vacate and remand the case in accordance with the foregoing opinion.

---

**3.** In *Harmar Coal Co. v. Workmen's Compensation Appeal Board,* 33 Pa.Cmwlth. 98, 381 A.2d 215 (1977),this Court stated "Section 440, 77 P.S. § 996, provides the general rule that in contested cases the employee or his dependent in whose favor the matter is finally determined *shall* be awarded a reasonable sum for costs incurred. The exception to this rule is that the award of costs may be excluded where a reasonable basis for the contest is established." (Emphasis in original.) *Id.* 381 A.2d at 218 citing *Weidner v. Workmen's Compensation Appeal Board,* 16 Pa.Cmwlth. 561, 332 A.2d 885 (1975). However, *Weidner* does not stand for the proposition that costs may be excluded if a reasonable contest is established but that "the award of *attorney's fees* is the rule and there exclusion is the exception to be applied in cases where the record establishes that the employer's or carrier's contest is reasonably based." *Id.* 332 A.2d at 887 (emphasis added). We thus note that the dicta of *Harmar Coal* is an aberration and does not follow 77 P.S. § 996, and cases decided thereunder.

**4.** 34 Pa.Code § 131.55. Attorney's fees and costs.

Under Section 440 of the act (77 P.S. § 996), in a disputed claim under the act when the employer or insurance carrier has contested liability in whole or in part, the employe or a dependent, in whose favor the proceeding has been finally decided, will be awarded attorney fees and costs against the employer or insurance carrier, or otherwise tendered payment under section 440 of the act, in which case attorneys fees will not be awarded.

## ORDER

AND NOW, this 27th day of October, 1997, the order of the Workers' Compensation Appeal Board in the above-captioned matter is vacated and the case is remanded in accordance with the foregoing opinion.

KELLEY, Judge, dissenting.

I respectfully dissent.

The majority correctly notes that our opinion in *St. Mary's Home of Erie v. Worker's Compensation Appeal Board (Stadtmiller)*, 683 A.2d 1266 (Pa.Cmwlth.1996) should be viewed in context with the larger line of cases which hold that a premature and prejudicial closure of the record is an abuse of discretion and remand is appropriate for correction of the record. Majority Opinion, p. 26. The majority also correctly notes that, under *Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 539 A.2d 792 (1988), reopening the record is certainly permissible where the interest of justice will be served. *Id.*, p. 26.

However, my review of the certified record discloses that the record was not prematurely closed in this case. Claimant never submitted a bill of costs to support her claim for the award of costs in the proceedings before the WCJ. Thus, it cannot be said that the WCJ closed the record before she had the opportunity to introduce this evidence as she never sought its admission. In addition, Claimant never requested that the WCJ reopen the record or that she be granted a rehearing so that she could introduce a bill of costs to support her claim.

If Claimant had made some attempt at the hearings on her claim petition to introduce evidence to support her claim for costs, or her request to the WCJ to reopen the record for the admission of this evidence had been denied, I would wholeheartedly join the majority's disposition of this appeal. However, because Claimant never sought to introduce this evidence at the hearing and never asked the WCJ to reopen the record, I do not believe that remand to the WCJ for the reopening of the record in this case is appropriate.

Accordingly, I would affirm the order of the Workers' Compensation Appeal Board.

Jurisdiction relinquished.