# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Henrietta Marshall, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 99 C.D. 2019 |
| | : | |
| Workers' Compensation Appeal | : | |
| Board (Parkhurst Dining Services), | : | |
| Respondent | : | |
| | | |
| Parkhurst Dining Services, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 138 C.D. 2019 |
| | : | Submitted: July 5, 2019 |
| Workers' Compensation Appeal | : | |
| Board (Marshall) | : | |
| Respondent | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                      HONORABLE ROBERT SIMPSON, Judge[1]
                      HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                           **FILED:  September 10, 2019**

In these consolidated appeals, Henrietta Marshall (Claimant) and Parkhurst Dining Services (Employer), each petition for review of an order of the Workers' Compensation Appeal Board (Board), that affirmed an order of a Workers' Compensation Judge (WCJ) to the extent it granted Claimant's claim petition in part and denied her petition for penalties. The Board reversed the WCJ's award of litigation costs to Claimant as to a $3,500.00 deposition fee for her medical expert.

---

[1] This matter was assigned to this panel before September 1, 2019, when Judge Simpson assumed the status of senior judge.

Claimant contends the Board erred by failing to award her full litigation costs, including the deposition fee. Employer contends the Board erred in awarding Claimant any litigation costs because she did not prevail on any contested issue in this matter. Upon careful review, we agree with Claimant's arguments on appeal.

## I. Background

Claimant worked for Employer as a sandwich maker at the deli station in a cafeteria at a university. In August 2016, Claimant sustained a laceration to her left thumb while making a wrap. Claimant also allegedly slipped and fell in Employer's bathroom/locker room (locker room) while treating her laceration.

In September 2016, Claimant filed a claim petition alleging she sustained work-related injuries described as a left thumb laceration and left ankle, back, left upper extremity, and left lower extremity injuries. Claimant sought total disability benefits ongoing from the date of her injury. In response, Employer filed a notice of compensation denial (NCD) denying that Claimant sustained any work-related injury. The breadth of this denial is material to our analysis.

Thereafter, Claimant filed a penalty petition alleging Employer failed to timely file Bureau of Workers' Compensation (Bureau) documents.

Before the WCJ, Claimant testified on her own behalf. The WCJ found Claimant credible only as to the laceration of her left thumb. WCJ Op., 1/25/18, Finding of Fact (F.F.) No. 17. The WCJ found Claimant's testimony regarding her slip and fall in the locker room inconsistent and not credible. F.F. No. 17(a)-(d).

2

Claimant also introduced the deposition testimony of her medical expert, Dr. Brad Ferrara (Physiatrist), who is board-certified in physical medicine and rehabilitation. F.F. No. 15(a). His practice focuses on neck and back injuries. Id. Physiatrist diagnosed Claimant with neck and back injuries, including cervical disc herniation, cervical sprain/strain, cervical radiculitis, lumbosacral sprain/strain, and pain in the left thumb. F.F. No. 15(k). Physiatrist opined that these conditions were causally related to Claimant's August 2016 work incident. F.F. No. 15(o). Physiatrist would not release Claimant to her full-duty job. Id. Physiatrist opined that Claimant experienced ongoing radicular symptoms in her neck, predominantly on the right side. F.F. No. 15(p). Therefore, Physiatrist opined, Claimant did not fully recover from her work injuries. Id.

In opposition, Employer presented testimony from three fact witnesses who supervised Claimant and were present at the time she allegedly fell in the locker room. None of these witnesses recall Claimant complaining of any back, neck, hip or shoulder pain on the date of Claimant's injury.

Notably, Employer's head chef at the university, Stephen Kessler (Chef), testified he hired and supervised Claimant. F.F. No. 12(a), (b). Chef hired Claimant at the end of August 2016, just before the fall semester began. F.F. No. 12(b). Chef recalled that Claimant cut her finger on August 31, 2016. F.F. No. 12(d). Six days later, Employer terminated Claimant's employment after she failed to show or call off work. F.F. No. 12(g). Claimant's immediate supervisor, Heather Schwegel (Supervisor), confirmed that she discharged Claimant after approximately one week. F.F. No. 14(a), (b), (h).

Employer also introduced the deposition testimony of its expert, Dr. Dennis P. McHough (IME Physician), a board-certified orthopedic surgeon who performed an independent medical evaluation (IME) of Claimant in January 2017. F.F. No. 16(a), (b). IME Physician took Claimant's history regarding the work incident and reviewed her medical records. In particular, IME Physician noted Claimant's history of treatment for neck, shoulder, lower back and bilateral leg pain *predating* the work incident. See F.F. No. 16(h).

Therefore, IME Physician diagnosed Claimant's August 2016 work injury as a left-thumb superficial laceration that needed to be "Dermabonded." F.F. No. 16(q). He indicated that Claimant could have experienced issues using her left hand for a week or so, until it healed. Id. Nonetheless, IME Physician opined that at the time of his examination, Claimant fully recovered from this injury. Id. IME Physician further opined that Claimant did not sustain any work-related injuries to her neck, shoulder, back or hip. Id. There was nothing in Claimant's medical records that would establish that she had an injury outside of her left thumb related to the work incident. Id.

Ultimately, the WCJ found IME Physician's testimony credible, convincing, and worthy of belief. F.F. No. 21. Therefore, the WCJ accepted IME Physician's opinions over those of Physiatrist. Id. In so doing, the WCJ noted IME Physician's opinions were consistent, well-reasoned, logical, and supported by the medical records, which included diagnostic studies and Claimant's full medical history. F.F. No. 21(c). The WCJ further found that Physiatrist's opinions were based on Claimant's subjective complaints, which the WCJ did not find credible.

F.F. No. 21(d). In addition, Physiatrist did not have Claimant's complete medical history documenting extensive treatment in the past for complaints similar to Claimant's present complaints. F.F. No. 21(e). The WCJ also found that IME Physician's findings upon physical examination were more consistent with the findings of the emergency room physicians who initially treated Claimant for her work injury. F.F. No. 21(f).

Consequently, the WCJ found that Claimant sustained a non-disabling laceration of her left thumb while working on August 31, 2016. F.F. No. 22. The WCJ further found the emergency room treatment on that date to be the only reasonable and necessary medical treatment for Claimant's work injury. F.F. No. 23. The WCJ did not find that Claimant sustained any other work injuries related to that incident. F.F. No. 24.

Accordingly, the WCJ granted Claimant's claim petition in part as a medical-only claim for a laceration of her left thumb. F.F. No. 25. The WCJ noted that Employer is responsible for the payment of all reasonable and necessary medical expenses for treatment of the laceration. F.F. No. 26. The WCJ identified the essential treatment as the August 2016 emergency room visit. Id.

In denying Claimant's penalty petition alleging Employer failed to timely file Bureau documents, the WCJ found that Claimant first notified Employer of her alleged disabling injuries when she filed her claim petition on September 26, 2016. Eleven days later, Employer filed an NCD, well within the prescribed time

5

period. F.F. No. 27. Consequently, the WCJ determined Employer did not violate any terms or provisions of the Workers' Compensation Act (Act).[2] F.F. No. 28.

Finally, the WCJ found Claimant incurred litigation costs in the amount of $4,645.04. F.F. No. 30. The WCJ found these costs to be fair and reasonable. Id. Therefore, the WCJ directed Employer to reimburse Claimant's litigation costs. See WCJ's Order, 1/23/18.

Employer appealed to the Board, which reversed the WCJ's order in part and affirmed it in part. In particular, the Board reversed the WCJ's award of costs for Physiatrist's deposition fee. In so doing, the Board explained:

> According to Claimant's litigation costs, this amount owed included the deposition fees of [Physiatrist], which totaled $3,500.00 (Exhibit C-05). Claimant sought total disability benefits for her left thumb laceration and for the alleged injuries to her left ankle, back, and left upper and lower extremities. However, the WCJ rejected [Physiatrist's] medical testimony that Claimant sustained cervical radiculitis with cervical disc herniation at C4-5 and multilevel bulging, C3-4 and C5-6 that resulted in ongoing disability. [The WCJ] further rejected [Physiatrist's] testimony that Claimant had limited use of her [left] thumb. Based on [IME Physician's] testimony, the WCJ granted Claimant's [c]laim [p]etition in part, concluding that Claimant had sustained a minor, [non-disabling left-thumb] laceration as a result of her work-related incident from which she fully recovered as of January 30, 2017. Therefore, [Physiatrist's] testimony did not support the WCJ's partial grant of Claimant's [c]laim [p]etition, and his deposition fees should not be reimbursed. [O'Neill v. Workers' Comp. Appeal Bd. (News Corp. Ltd.), 29 A.3d 50 (Pa. Cmwlth. 2011)].

[2] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§1-1041.4, 2501-2710.

6

Bd. Op., 1/3/19, at 4-5 (emphasis added). Claimant and Employer each filed a petition for review.[3]

## II. Discussion

### A. Claimant's Petition

Claimant contends the WCJ correctly awarded her full litigation costs, including Physiatrist's deposition fee, based on her partial success in litigating her claim petition. She points out that Section 440(a) of the Act[4] provides:

> In any contested case where the insurer has contested liability in whole or in part … the employe … in whose favor the matter at issue has been finally determined in whole or in part shall be awarded … a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings ….

77 P.S. §996(a) (emphasis added). Pursuant to Section 440(a), in contested cases which are resolved in whole or in part in a claimant's favor, the claimant is entitled to reasonable costs for necessary medical examinations, expert witness fees, and the valuation of unreimbursed lost time to attend proceedings. Ritter v. Workers' Comp. Appeal Bd. (Bob's Big Boy), 702 A.2d 24 (Pa. Cmwlth. 1997). Where a claimant's litigation of an issue achieves a "practical, quantifiable benefit," the claimant is

---

[3] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap), 81 A.3d 830 (Pa. 2013).

[4] Added by the Act of February 8, 1972, P.L. 25.

7

entitled to an award of litigation costs.  Minicozzi v. Workers' Comp. Appeal Bd., (Indus. Metal Plating, Inc.), 873 A.2d 25, 31 (Pa. Cmwlth. 2005).

Here, Claimant asserts, the WCJ properly awarded her litigation costs, including Physiatrist's deposition fee, because she prevailed in part on her claim petition.  Claimant further argues the Board erred in reversing the award of litigation costs based on our decision in O'Neill.  In that case, an employer prevailed on its termination and utilization review petitions.  However, the WCJ granted the claimant's petition to review medical treatment (review petition) to the extent the claimant sought mileage expenses incurred in attending her medical treatment.  In short, the WCJ accepted the claimant's unrebutted testimony that she could not locate a local doctor to treat her work-related thoracic outlet syndrome.

Nevertheless, the WCJ denied the claimant's request for litigation costs, which included her medical expert's deposition fee.  In so doing, the WCJ reasoned that none of the claimant's litigation costs were related to the review petition seeking mileage reimbursement.  On appeal, the Board affirmed.

The claimant then appealed to this Court.  In affirming, we observed that nothing in the WCJ's decision granting travel expenses relied upon the testimony offered by the claimant's medical expert.  Rather, the WCJ based the award of travel expenses solely on the claimant's testimony.  Therefore, we concluded the claimant's medical expert's testimony did not relate to the only matter on which the claimant prevailed.

8

Claimant asserts O'Neill is readily distinguishable from the present case. Here, Employer refused to acknowledge that Claimant sustained a work-related injury by issuing a medical-only notice of compensation payable (NCP). Rather, Employer issued an NCD. Claimant therefore maintains Physiatrist's testimony directly related to the issues of whether and to what extent Claimant sustained a work-related injury. Ultimately, the WCJ determined that Claimant sustained a work-related injury to her left thumb and granted her claim petition in part as a medical-only claim. The WCJ also found Employer liable for payment of Claimant's medical treatment in a hospital emergency room on August 31, 2016. See F.F. Nos. 22, 23, 25, 26; Conclusions of Law (C.L.) Nos. 2, 3.

Given these circumstances, Claimant asserts her case is similar to the factual situation in Boddie v. Workers' Compensation Appeal Board (Crown Distribution Center), 125 A.3d 84 (Pa. Cmwlth. 2015). In Boddie, the employer also initially denied the occurrence of any work injury, thereby requiring the filing of a claim petition for lumbar and thoracic injuries. As a result, the claimant needed to present the testimony of his treating doctor and pay his deposition fee. After litigation began, the employer issued an NCP accepting a lumbar injury on the same date that the claimant deposed his medical expert. Id.

Ultimately, however, the WCJ in Boddie rejected the claimant's claim for a thoracic injury. In particular, the WCJ rejected the testimony of the claimant's medical expert and determined that the claimant failed to establish he sustained any work injuries other than those listed in the NCP. Although the WCJ awarded the claimant litigation costs, the award excluded the deposition fee for the claimant's

9

medical expert because the WCJ did not credit his testimony. On appeal, the Board affirmed.

The claimant appealed, and this Court reversed. In so doing, we noted that the employer initially refused to accept liability for any work injury, thereby requiring the claimant to file a claim petition. Thereafter, the employer contested the claim petition in its entirety, including the issue of whether any injury occurred. Approximately 35 minutes before the deposition of claimant's medical expert began, the employer filed an NCP accepting a lumbar injury. Nonetheless, at the time the claimant scheduled a deposition and prepaid his medical expert's fee, he needed medical testimony to establish that he sustained a work injury. This Court determined the claimant was entitled to litigation costs including the deposition fee, regardless of the fact that the WCJ ruled against him with respect to all other injuries not listed on the NCP.

In reviewing the present case, we deem our reported decision in Boddie controlling. Here, Employer issued an NCD, thereby requiring Claimant to litigate her claim petition to prove that she sustained a work-related injury. In order to establish a work-related injury, Claimant needed to present Physiatrist's expert testimony. Although Claimant did not establish any of the other disabling injuries alleged in her claim petition, the WCJ nevertheless granted the claim petition in part by recognizing a medical-only claim for laceration of the left thumb. F.F. No. 25; C.L. No. 2. Consequently, Claimant succeeded in part on her claim petition.

In sum, we recognize that Employer forced Claimant to litigate her claim petition and prove a work-related injury. This required Physiatrist's expert testimony at the cost of $3,500.00. Ultimately, the WCJ determined Claimant sustained a work-related injury in the nature of lacerated left thumb and ordered Employer to pay for Claimant's reasonable and necessary medical expenses related to that injury.

For these reasons, we hold that the WCJ properly awarded Claimant litigation costs in the amount of $4,645.04, which includes Physiatrist's deposition fee. Boddie; Minicozzi. Accordingly, we reverse the Board's order to the extent it disallowed litigation costs for Physiatrist's deposition fee.

### B. Employer's Petition

In its petition for review, Employer contends Claimant is not entitled to an award of any litigation costs because she failed to prevail on any issue in dispute. When litigating a claim petition, Employer asserts, a claimant has the burden to prove all elements necessary to support an award, including the burden to establish the duration and extent of disability. Vista Int'l Hotel v. Workmen's Comp. Appeal Bd. (Daniels), 742 A.2d 649 (Pa. 1999).

Employer maintains that in order to be awarded litigation costs, a claimant must prevail on a contested issue in the matter, either in whole or in part. Jones v. Workers' Comp. Appeal Bd. (Steris Corp.), 874 A.2d 717 (Pa. Cmwlth. 2005). Here, Employer asserts, the parties engaged in protracted litigation on the issue of whether Claimant became disabled due to work-related injuries to her neck,

11

back, and legs resulting from a slip and fall in the locker room on August 31, 2016. Employer maintains the parties did not spend two years litigating a minor thumb laceration that did not even need stitches. To that end, Employer argues the entirety of Claimant's case and Physiatrist's expert testimony centered on proving an ongoing disability related to Claimant's alleged fall. The WCJ, however, rejected Claimant's allegations of a disabling fall. Therefore, Employer asserts the WCJ erred in awarding Claimant any litigation costs.

We disagree. As discussed above, Employer chose to file an NCD rather than a medical-only NCP. In other words, Employer did not acknowledge that Claimant sustained <u>any</u> work-related injury. As a consequence, Employer forced Claimant to litigate her claim petition. Therefore, by prevailing in part on her claim petition, Claimant established a work-related injury for which Employer is liable for the payment of reasonable medical expenses. As such, Claimant is entitled to an award of litigation costs, including her Physiatrist's deposition fee. <u>Boddie</u>; <u>Minicozzi</u>.

Even in <u>Jones</u>, a case relied upon by Employer, this Court recognized: "For litigation costs to be reasonable, the WCJ must ascertain the extent to which they relate to the 'matter at issue' on which Claimant prevailed, *i.e.*, <u>establishing a work-related injury</u>." <u>Jones</u>, 874 A.2d at 722 (emphasis added, citation omitted). As we noted in <u>Budd Co. v. Workers' Compensation Appeal Board (Kan)</u>, 858 A.2d 170 (Pa. Cmwlth. 2004), another case cited by Employer, a claimant is entitled to her entire litigation costs, even if she only prevailed in part.

12

In short, Employer filed a full NCD rather than a medical-only NCP. This forced litigation about whether any work-related injury existed. This also belies Employer's assertion that Claimant's work-related injury to her left thumb was never disputed. Boddie; Minicozzi. Therefore, we reject Employer's contention that Claimant was not entitled to litigation costs in this matter.

### III. Conclusion

For the above reasons, we reverse the Board's order to the extent it reversed the WCJ's award of litigation costs for Physiatrist's deposition fee. Accordingly, the WCJ's award of $4,645.04 for the full litigation costs Claimant incurred is reinstated.

_____
ROBERT SIMPSON, Judge


Judge Fizzano Cannon did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Henrietta Marshall,               :
              Petitioner      :
                                    :
        v.                   :   No. 99 C.D. 2019
                                    :
Workers' Compensation Appeal   :
Board (Parkhurst Dining Services),  :
              Respondent   :

Parkhurst Dining Services,      :
              Petitioner      :
                                    :
        v.                   :   No. 138 C.D. 2019
                                    :
Workers' Compensation Appeal   :
Board (Marshall)            :
              Respondent   :

# O R D E R

**AND NOW**, this 10th day of September, 2019, for the reasons stated in the foregoing opinion, the order of the Workers' Compensation Appeal Board is **REVERSED** in part to the extent it reversed the Workers' Compensation Judge's award of litigation costs for Petitioner Henrietta Marshall's medical expert's deposition fee. Accordingly, the Workers' Compensation Judge's award of $4,645.04 in litigation costs is **REINSTATED**. In all other respects, the Board's order is **AFFIRMED**.

 

---
ROBERT SIMPSON, Judge