Austin Woodard, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Koppers Co., Inc. and Corporate Ins. Services, Respondents.

Argued February 8, 1980, before Judges ROGERS, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*C. Lee Anderson,* of *Kogan & Smigel,* for petitioner.

*Michael J. Brillhart,* of *Markowitz, Kagen & Griffith,* for respondents.

OPINION BY JUDGE ROGERS, March 4, 1980:

This is the appeal of a claimant, Austin Woodard, from an order of the Workmen's Compensation Appeal Board (Board).

Woodard, an employee of Koppers Company, Inc. (Koppers) sustained a work-related injury to his left foot on January 23, 1975. He was paid workmen's compensation benefits beginning January 28, 1975, by agreement with Koppers. On May 19, 1975 he returned to work for Koppers at the same wages he earned before he was injured and he executed a final receipt on June 4, 1975. Woodard remained employed at Koppers until December 5, 1975, when he was discharged for excessive unexcused absences.

On May 19, 1976, Woodard filed a workmen's compensation claim petition, alleging that he was still partially disabled as the result of the injury sustained at Koppers. The referee properly treated Woodard's application as a petition to set aside a final receipt. After hearing at which Woodard testified and medical reports were admitted into the record, the referee found that Woodard's partial disability persisted and concluded the final receipt should be set aside. The referee also concluded, however, that payment of workmen's compensation benefits under the parties' agreement should be suspended as of May 19, 1975, because Woodard returned to work on that date without any loss of earnings and had failed to prove that his later discharge from his employment was related to his injury. The Board affirmed the referee's order setting aside the final receipt and suspending the payment of benefits as of May 19, 1975. However, the Board remanded the record to the referee for a determination of the percentage of Woodard's partial dis-

ability and for the admission of evidence concerning the availability of work which Woodard, in view of his physical limitations, could perform. Only Woodard appealed.

Neither party complains of the Board's adoption of the referee's finding of a continuing partial disability or of its affirmance of the referee's action setting aside the final receipt or of its remand for a determination of the percentage of Woodard's partial disability. Woodard's contention, as we understand it, is that the referee's action suspending compensation benefits as of May 19, 1975 was in error and should not have been upheld by the Board. He appears to argue that compensation should have been awarded for the period. following his discharge in December 1975, for excessive unexcused absences, merely because he remained partially disabled. This contention is fallacious. A suspension of benefits properly entered will be terminated only if the claimant's loss of earnings is shown to be the result of disability due to his work-related injury. Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772 (Act). *See Crain v. Small Tube Products, Inc.,* 200 Pa. Superior Ct. 426, 188 A.2d 766 (1963). Woodard's loss of earnings resulted from his discharge and was not shown to have been for any other cause.

Woodard also contends that the Board's order effectively denies him the opportunity to prove an injury-related loss of earnings occurring subsequent to his discharge from Koppers. Our reading of the Board's order compels us to conclude that the Board afforded him just that opportunity on remand. It writes:

> However, we shall refer this matter back to the referee for him to measure now the partial disability, percentagewise, that claimant may have

from his said injury, and to fix the compensation rate for said disability. Of course, the referee will have to determine the earning power of claimant.

It must be noted that the issue of availability of work comes into play, where the claimant cannot do his time-of-injury job, and if work availability cannot be shown, claimant continues on total disability. The absence of work availability, therefore, is used as a vehicle to give a claimant, who is now partially disabled, compensation at the total disability rate.

Koppers contends that a petition for modification and not a petition to set aside the final receipt is the proper vehicle for establishing Woodard's right to receive workmen's compensation benefits for a loss of earnings suffered after his discharge and that the Board should not have remanded for inquiry into the availability of suitable work. Although Koppers has not appealed, we will comment briefly on this issue. We see no useful purpose to be served by requiring Woodard to file a petition for modification since the parties are fully aware of what issues are to be determined on remand. Moreover, more than five years have been consumed by the parties and the compensation authorities in this proceedings, inviting the issue of whether Woodard could now file a timely application for modification under Section 436 of the Act. We believe that it would be unjust to any litigant to place him at that hazard on a pure technicality.

Accordingly, we enter the following:

ORDER

AND Now, this 4th day of March, 1980, the order of the Workmen's Compensation Appeal Board is affirmed.

President Judge BOWMAN did not participate in the decision in this case.