97 Pa. Commonwealth Ct. 142 (1986)
510 A.2d 147
Joseph W. Daugherty, Petitioner
v.
Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.), Respondents.
No. 2996 C.D. 1983.
Commonwealth Court of Pennsylvania.
Argued March 11, 1986.
May 8, 1986.
*143 Argued March 11, 1986, before Judges MacPHAIL, DOYLE and BARRY, sitting as a panel of three.
Amiel B. Caramanna, Jr., with him, Alexander J. Pentecost, for petitioner.
Michael D. Sherman, with him, Leonard Kane and Roy F. Walters, Jr., Fried, Kane, Walters & Zuschlag, for respondent, Jones and Laughlin Steel Corporation.
OPINION BY JUDGE MacPHAIL, May 8, 1986:
Joseph W. Daugherty (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision ordering him to pay his attorney fees. We affirm.
Claimant was employed by Jones & Laughlin Steel Corporation (Employer). On August 3, 1976, Claimant suffered an injury to his back for which he received total disability payments pursuant to a notice of compensation payable. Claimant returned to work on January 3, 1977 and was then paid partial disability payments until August 1, 1977. Claimant's back condition became progressively more severe; consequently, on September 1, 1977, Claimant was forced to terminate his work. *144 Shortly thereafter, Claimant filed a review petition alleging that he was totally disabled as a result of his injury of August 3, 1976.
Hearings were held before a referee who ruled that Claimant had become totally disabled as of September 1, 1977 and was entitled to a reinstatement of benefits. The referee also concluded that Employer's contest had been without merit and sua sponte ordered Employer to pay Claimant's attorney fees. Employer appealed to the Board raising only the issue of the award of counsel fees. The Board held that the referee erred in awarding counsel fees sua sponte and remanded the case to the referee for further findings as to the amount Claimant should pay his attorney. The referee issued a second decision omitting his original finding of fact that there was no reasonable basis for contesting liability[1] and ordering Claimant to pay his own counsel fees in an amount of 20% of the award, a figure agreed upon by Claimant and his attorney. The Board affirmed the referee's decision and the instant appeal followed.
Section 440 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §996, added by Section 3 of the Act of February 8, 1972, P.L. 25 provides:
In any contested case where the insurer has contested liability in whole or in part, the employe. . . in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee . . .: Provided, That cost for attorney fees may be excluded *145 when a reasonable basis for the contest has been established. . . .
This Court has held that where a claimant has failed to request counsel fees, the referee is precluded from assessing such fees sua sponte. Cooper-Jarrett, Inc. v. Workmen's Compensation Appeal Board, 61 Pa. Commonwealth Ct. 12, 432 A.2d 1128 (1981). Because we believe that Cooper-Jarrett is based on sound principles of law, we decline to reconsider our decision in that case as urged by the Claimant. Where the issue of counsel fees is not raised before the referee, the Employer or its insured has no opportunity to present a defense by way of legal argument or countervailing evidence.
Claimant's other argument that the Board erred when it remanded the case to the referee to have him fix the amount of counsel fees to be paid, likewise must be rejected inasmuch as the referee initially failed to make a finding on that matter. The Board, of course, is authorized by Section 419 of the Act, 77 P.S. §852, to remand any case involving any question of fact arising under any appeal to a referee. Here, the referee originally ordered the payment of counsel fees in the amount of 20% of compensation awarded without any evidence in the record to support that figure or any other figure. The remand was not only proper but necessary.

ORDER
The Workmen's Compensation Appeal Order No. A-83842, dated October 6, 1983, is affirmed.
NOTES
[1] In his discussion of the history of the case, however, the referee, in referring to his previous decision, said "it would have been a travesty of justice" to direct payment of counsel fees by the Claimant.