548 A.2d 680

Karen MacNeill, Petitioner *v.* Workmen's Compensation Appeal Board (Denny's, Inc.), Respondents.

Denny's, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (MacNeill), Respondents.

*Joel Persky,* with him, *Erica L. Light, Henderson & Goldberg, P.C.,* for petitioner/respondent, Karen Mac-Neill.

*Frank R. Fleming, III, Houston Harbaugh, P.C.,* for respondent/petitioner, Denny's, Inc.

OPINION BY JUDGE McGINLEY, October 12, 1988:

This is a cross-appeal from a decision of the Workmen's Compensation Appeal Board (Board) affirming in part and reversing in part a decision of the Referee. We affirm in part and we reverse in part.

Karen MacNeill (Claimant) was employed as a waitress by Denny's, Inc. (Employer). On May 6, 1984, during the course of her employment she fell and was injured when a chair on which she was about to sit was kicked out from under her. On July 2, 1984, Claimant filed a claim for compensation. On March 6, 1986, the Referee determined that Claimanat was entitled to compensation benefits pursuant to Sections 306(a) and (c) of The Pennsylvania Workmen's Compensation Act (Act),[1] and he awarded her counsel fees pursuant to Section 440 of the Act.[2] Employer filed an appeal with the Board, which affirmed the award of benefits but

---

[1] Act of June 2, 1915, P.L.736, *as amended,* 77 P.S. §§511, 513.

[2] 77 P.S. §996, added by Section 3 of the Act of February 8, 1972, P.L. 25.

which reversed as to the award of counsel fees, holding that the Referee improperly awarded counsel fees *sua sponte*. Claimant appeals that part of the Board's order which reversed as to the award of counsel fees; Employer appeals that part of the Board's order which affirmed the award of benefits.

Our scope of review is limited to a determination of whether there has been a constitutional violation, an error of law or whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. *Shenango, Inc. v. Workmen's Compensation Appeal Board (Swan)*, 107 Pa. Commonwealth Ct. 254, 528 A.2d 672 (1987).

Employer contends that the Referee erred by disregarding uncontroverted testimony that Claimant had recovered from her injury by December 13, 1984; Employer also contends that the Referee's decision that Claimant was disabled as a result of the work-related injury and remains unable to perform her duties was not supported by substantial evidence. We address these contentions *seriatim.*

Employer introduced into evidence the deposition of Bruce I. Tetalman, M.D., who examined Claimant at Employer's request.[3] Dr. Tetalman examined Claimant on October 4, 1984, November 29, 1984, and December 13, 1984.[4] He stated that Claimant was able to perform her duties as a waitress during the entire period he saw Claimant.[5] Claimant's own physician, Gary L. Smith, M.D., stated by deposition that Claimant remained disabled and was unable to perform her waitressing duties as of the date he last examined her, *i.e.,* mid-October 1984. He stated that he thought that

---

[3] Deposition of Bruce I. Tetalman, M.D. (Tetalman Deposition) at 8.

[4] Tetalman Deposition at 8, 22, and 35.

[5] *Id.* at 43.

she would eventually recover, although he was unable to opine when she would recover.[6] Employer contends that Dr. Tetalman's opinion that Claimant had recovered as of December 13, 1984, was consistent with Dr. Smith's opinion that Claimant would recover, because Dr. Tetalman examined Claimant at a later date than did Dr. Smith. Employer would have had the Referee find that although Claimant was disabled when seen by her own physician, she had recovered by the time she was last examined by Employer's physician.

> The Referee in his Finding of Fact No. 9 stated that: Claimant went to the Ohio Valley General Hospital twice on May 7, 1984, as a result of her work-related injuries. She saw and was treated by Dr. Vates on May 11, 19, and 26, 1984, and on June 9 and 23, 1984, as a result of said injuries. The denial-notice was dated June 27, 1984. She saw and was treated by Dr. Smith during the period from August 24, 1984, through October 17, 1984. She was seen for the first time on October 4, 1984, by Dr. Tetalman in behalf of employer, and he treated her during the period from October 4, 1984, through December 13, 1984. Her injury was witnessed and reported on the day it occurred. There was no dispute or controversy concerning the time, place, the occurrence of the injury and the notice thereof. Employer failed to establish that claimant's injury was caused by an act of a third person intended to injure claimant because of reasons personal to that third person and not directed against claimant as an employee or because of her employment. Therefore, employer established no

---

[6] Deposition of Gary L. Smith, M.D. (Smith Deposition) at 13-14.

reasonable basis for its contest until it deposed its medical witness on January 29, 1986, when such witness opined that claimant was able to perform her regular work as of December 13, 1984; up until December 13, 1984, that witness had prescribed treatment for her injury. *Of course, that witness's opinion was rejected by the undersigned.* (Emphasis added.)

In choosing to believe Claimant's witnesses, the Referee did not disregard competent uncontroverted evidence, but exercised his credibility function. The Referee specifically found that the testimony of Employer's physician was not credible and credibility issues are for the Referee to resolve, not this Court. *Kope v. Workmen's Compensation Appeal Board (Borg Warner Corp.)*, 98 Pa. Commonwealth Ct. 341, 510 A.2d 1294 (1986). Consequently, there is no merit to Employer's first contention of error.

We also reject Employer's claim that there is no evidence of record that Claimant continues to be disabled. Claimant's own physician stated as late as mid-October of 1984 that she was disabled and unable to perform her duties. *See* discussion *supra.* Total disability is presumed to continue unless and until competent examination and testimony disclose otherwise. *4156 Bar Corporation v. Workmen's Compensation Appeal Board (Kimmelman),* 63 Pa. Commonwealth Ct. 176, 438 A.2d 657 (1981).

Having thus disposed of Employer's contentions of error we now address Claimant's argument that the Board erred in reversing the Referee's award of counsel fees pursuant to Section 440 of the Act. Employer had argued to the Board that the award of counsel fees was improper because the contest was reasonable. The Board, deciding the issue on an alternate theory, held that the Referee erred in awarding counsel fees because

Claimant had never requested them. Section 440 of the Act provides in pertinent part that:

> In any contested case where the insurer has contested liability in whole or in part, the employe . . . in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee . . . : *Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established.* (Emphasis added.)

The law is well-settled that where a claimant has failed to request counsel fees, the Referee is precluded from assessing such fees *sua sponte. Cooper-Jarrett, Inc. v. Workmen's Compensation Appeal Board (Brown),* 61 Pa. Commonwealth Ct. 12, 432 A.2d 1128 (1981). Claimant does not contest this principle; instead, Claimant submits that her Claim Petition adequately set forth her request for counsel fees, and in support of this assertion, Claimant points to Item No. 13 of the Claim Petition: "13. I believe the following facts to be important: *Penalties and attorneys fees should be assessed against the defendant for failure to pay this claim or issue a Notice of Compensation Denial within 21 days of injury.*"[7]

Employer counters that in Item No. 13 Claimant was not requesting counsel fees pursuant to a Section 440 absence of "reasonable contest," but that Claimant was requesting counsel fees for delay in paying or denying the claim within twenty-one days after notice or knowledge of disability pursuant to Section 406.1 of the Act, 77 P.S. §717.1.[8] Employer further contends that

---

[7] Claim Petition for Compensation, Item No. 13 (emphasis added).

[8] Added by the Act of Feb. 8, 1972, P.L. 25, No. 12. Section 406.1 does not provide for an award of counsel fees.

Claimant's statement in Item No. 13 does not put Employer on notice that Claimant is seeking an award of counsel fees due to unreasonable contest. We disagree.

In *Daugherty v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.)*, 97 Pa. Commonwealth Ct. 142, 510 A.2d 147 (1986), we held that the reason why the issue of counsel fees must be raised before the Referee is to give the Employer or its insured an "opportunity to present a defense by way of legal argument or countervailing evidence." *Id.* at 145, 510 A.2d at 148.

In the matter *sub judice* Employer had an opportunity to present a defense to an award of counsel fees. In reaching this determination, we distinguish this matter from *Penczkowski v. Workmen's Compensation Appeal Board (Foster-Wheeler Energy Corp. & The Hartford)*, 97 Pa. Commonwealth Ct. 419, 509 A.2d 964 (1986). In that case it was alleged that counsel fees improperly had been awarded *sua sponte*. The Claimant asserted that he had requested attorney's fees, and in support of this position he pointed to the transcript of the hearing wherein he was asked by his attorney whether he had a fee agreement with his attorney and he responded that he had such an agreement. We held that such testimony did not:

> . . . satisfy the requirement that an award of attorney's fees must be requested before the referee. This is particularly true in view of Section 442 of The Pennsylvania Workmen's Compensation Act [77 P.S. §998], which requires that all fees paid to a claimant's attorney be approved by the referee. Claimant's testimony is more appropriately addressed to seeking such approval than to securing an award of attorney's fees to be paid by Employer.

*Id.* at 422, 509 A.2d 966.

Contrary to the facts in *Penczkowski,* wherein the claimant never referred to counsel fees at all, in the matter *sub judice* Claimant's petition clearly states that counsel fees should be assessed for "failure to pay this claim." Claimant thus sufficiently raised the issue of counsel fees before the Referee.

Having determined that the issue of counsel fees was raised before the Referee, we must now decide whether the Referee's award of counsel fees was correct.

> The burden is on the employer to present sufficient evidence to establish a reasonable basis for the contest.
>
> . . . .
>
> Whether the contest is reasonable is a question of law, subject to review by this court. As such, this court may examine the record to determine if the evidence presented supports the conclusion reached.

*McConnell v. Workmen's Compensation Appeal Board (Western Center),* 111 Pa. Commonwealth Ct. 521, 523, 534 A.2d 571, 573 (1987).

The Referee found that Employer established no reasonable basis for its contest before it deposed Dr. Tetalman.[9] This finding is supported by the record. The fact that Claimant was injured in the course of her employment was a matter of public knowledge and was indisputable. Furthermore, Employer had no basis whatsoever for its claim that the injury was intentional.[10] In an unsuccessful attempt to prove that the injury was intentional, the Employer introduced both a written statement and a deposition of the person who caused Claimant's injury. This person vehemently denied hav-

---

[9] Referee's Decision, Finding of Fact No. 9.
[10] Section 301(c) of the Act, 77 P.S. §411.

ing intentionally caused Claimant's injury.[11] His categorical denial in both the written statement and the deposition calls into question Employer's motives for contesting compensation.

Furthermore, Dr. Tetalman's deposition does not provide a reasonable basis for Employer's contest. We are guided by the determination in *Jones & Laughlin Steel Corporation v. Workmen's Compensation Appeal Board (White)*, 92 Pa. Commonwealth Ct. 318, 500 A.2d 494 (1985), the facts of which are very similar to those in the case now before us. In that case Employer's medical witness, a practitioner in the field of physical medicine and rehabilitation (as is Dr. Tetalman), testified that there was no evidence of disability, that claimant's complaints were inconsistent, that she had fully recovered from her injuries and that she could return to work. We held that such testimony did not prove reasonable contest. We noted that the medical examination did not take place until eight months had elapsed from the date of injury, and that "the contest, without any reasonable basis that we can discern in our review of the record, was already a *fait accompli* before Dr. Minde's examination even took place." *Id*. at 321-22, 500 A.2d at 495.

Similarly, in the matter *sub judice*, Employer had already contested the payment of compensation long before Dr. Tetalman ever examined Claimant. This is not a situation where Employer had originally paid compensation and then filed a Petition to Terminate[12] based on a belief that Claimant had subsequently recovered. Instead, at the time Employer originally chose to contest the payment of compensation, Employer had no

---

[11] Deposition of Don Neill, and Deposition Exhibit 1, attached thereto.

[12] Section 413 of the Act, §77 P.S. 774.

reasonable grounds whatsoever to do so, and Dr. Tetalman's *post hoc* examination does not cure this defect.

For the reasons stated hereinabove, we affirm the decision of the Board with respect to its affirmance of the Referee's award of compensation; but we reverse the Board with respect to its reversal of the award of counsel fees, and we reinstate the Referee's award of counsel fees.

## ORDER

AND NOW, this 12th day of October, 1988, the Order of the Workmen's Compensation Appeal Board at No. A-91418, dated June 19, 1987, is affirmed as to the merits of the case, but is reversed as to the matter of counsel fees, and the Decision of the Referee in the above-captioned matter, dated March 6, 1986, is reinstated as to the award of counsel fees.

This decision was reached prior to the resignation of Judge MACPHAIL.