Randy MYERS, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (C.W. WRIGHT CONSTRUCTION COMPANY, INC.), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 3, 1995.

Decided April 5, 1995.

Daniel K. Bricmont, for petitioner.

Andrew Rose, for respondent.

Before COLINS, President Judge, NEWMAN, J., and SILVESTRI, Senior Judge.

COLINS, President Judge.

Randy Myers (claimant) appeals that part of an order of the Workmen's Compensation Appeal Board (board) which affirmed a decision of the referee granting a modification petition of C.W. Wright Construction Company, Inc., (employer) and denied a reinstatement petition filed on behalf of claimant.[1] We affirm.

Claimant began working for the employer as a lineman on July 29, 1991. At the time of hiring, claimant had a glass eye, a physical limitation about which employer had no knowledge. A condition for continuing employment was claimant's obtaining a commercial drivers license (CDL) within 30 days of being hired. On August 6, 1991, claimant suffered a herniated lumbar disc when he attempted to catch a 100 pound wrench head. He began collecting benefits for total disability pursuant to a notice of compensation payable. He returned to work, to the light-duty position of flagman, but was unable to do the job for more than three days. Claimant collected benefits until his compensation was suspended by the Supplemental Agreement executed on June 24, 1992.

Simultaneous with the suspension of benefits, claimant returned to his light-duty flagman position. Employer again informed claimant that he was required to obtain a CDL. On August 5, 1992, employer learned that claimant had not obtained a CDL and could not obtain a CDL because of his glass eye. On August 6, 1992, claimant was discharged from his employment due to his failure to obtain a CDL.

On October 12, 1992, claimant filed a reinstatement petition alleging that his light duty position was eliminated by the employer on

---

1. On November 12, 1991, employer filed a suspension petition. On October 12, 1992, claimant filed a reinstatement petition. Employer's suspension petition was granted as a modification of claimant's benefits. Employer did not appeal this order.

August 6, 1992. Employer requested a suspension or modification of benefits alleging that work remained available, that the position was not eliminated and that claimant was terminated from his job because he could not qualify for employment with employer.

The referee denied employer's petition to suspend benefits but granted the modification request due to claimant's continuing partial disability. The referee found claimant was unable to return to his original position of lineman but was able to work in the light-duty position of flag man. Therefore, the referee ordered continuing benefits for claimant in the amount of $100.83 per month. This amount reflects claimant's wage loss as a result of his continuing partial disability. Regarding claimant's petition, the referee found that the position of flagman was not eliminated and that the termination was the result of claimant's inability to qualify for employment with employer. Claimant appealed the award to the board; the board affirmed.

On appeal to this Court, claimant avers the board committed an error of law in concluding that the termination was for cause thus denying claimant benefits.

 Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether the findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704; *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). Furthermore, to succeed on a petition for reinstatement, it is incumbent upon the claimant to demonstrate that the loss of earnings is the result of disability due to his work-related injury. *Woodard v. Workmen's Compensation Appeal Board,* 49 Pa.Commonwealth Ct. 558, 411 A.2d 890 (1980); Section 413 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 772 (Act). Claimant must show that through no fault of his own, his earning power was once again adversely affected by the injury that

gave rise to the original claim. *Dillon v. Workmen's Compensation Appeal Board (Greenwich Collieries),* 536 Pa. 490, 640 A.2d 386 (1994).

 Claimant asserts that the referee erred when he found claimant's discharge was not related to the work-place injury but rather, was solely because of claimant's inability to obtain a CDL. (Finding of Fact No. 6). In support of this argument claimant points to the physical examination the employer administered when claimant began work. Claimant argues that the exam should have revealed his physical limitations, i.e., claimant's glass eye, and that employer should have concluded claimant was unable to obtain a CDL. Claimant argues that the "either knew or should have known" standard applies, mandating the conclusion that employer ostensibly agreed to accept claimant, with his physical limitations, and thus waived the requirement that claimant obtain a CDL. The referee did not find this analysis compelling. Instead, the referee found more credible the evidence of employer and this is within the parameters of the referee's authority.[2] We are constrained by the finding of the referee so long as there is substantial evidence to support a referee's findings of facts. *Hess Brothers v. Workmen's Compensation Appeal Board (Gornick),* 128 Pa.Commonwealth Ct. 240, 563 A.2d 236 (1989).

 Substantial evidence is "such relevant evidence which a reasonable mind might accept as adequate to support a finding." *York Terrace/Beverly Enterprises v. Workmen's Compensation Appeal Board (Lucas),* 140 Pa.Commonwealth Ct. 75, 79 n. 5, 591 A.2d 762, 764 n. 5 (1991). The test for substantiality will fail only when it is clear that the evidence contested is so inadequate and contradictory that administrative findings based upon it become mere conjecture. *Yockey v. Workmen's Compensation Appeal Board (Pacemaker Driver Service),* 79 Pa.Commonwealth Ct. 250, 468 A.2d 1199 (1983). In this matter, the record is replete

---

2. The referee, as fact finder, has exclusive powers over questions of credibility and evidentiary weight and thus may accept or reject the testimony of any witness, in whole or in part. *Mardee*

*Sportswear v. Workmen's Compensation Appeal (Franglo, Inc.),* 98 Pa.Commonwealth Ct. 327, 511 A.2d 905 (1986).

with evidence that a condition of employment at C.W. Wright Construction Company, Inc., was a valid CDL.

 Employer presented the testimony of Mr. Harrold, claimant's supervisor. Mr. Harrold testified that all employees were required to obtain a CDL and that those employees who did not, were fired. Mr. Harrold testified that of the current work force, only one person was unlicensed and that person had applied for a CDL. Mr. Harrold testified that at the time of hiring, he, Mr. Harrold, notified claimant that a CDL was a prerequisite of employment. Mr. Harrold testified that claimant never informed the employer, or Mr. Harrold, of his inability to qualify for a CDL. Mr. Harrold then stated that the sole reason for termination was claimant's inability to obtain a CDL. Claimant did not dispute any of Mr. Harrold's testimony. The referee found the testimony of employer's witness more credible than claimant's and that is within the parameters of the referee's authority. *Mardee Sportswear v. Workmen's Compensation Appeal Board (Franglo, Inc.)*, 98 Pa.Commonwealth Ct. 327, 511 A.2d 905 (1986).

Claimant advances the argument that this Court's opinion in *United Parcel Service v. Workmen's Compensation Appeal Board (Portanova)*, 140 Pa.Commonwealth Ct. 626, 594 A.2d 829 (1991), precludes his discharge and requires a reinstatement of benefits. We disagree. In *UPS* this Court held "that where, ... a claimant is discharged because of misconduct which occurred, not only prior to the injury, but also prior to the payment of benefits and the creation of a light-duty position, a claimant's loss of earnings shall be deemed to have resulted from a disability due to injury." *Id.* at 632, 594 A.2d at 832. Because UPS is fundamentally different from the case at hand, it is not controlling.

Instead, we rely upon *Woodard v. Workmen's Compensation Appeal Board,* 49 Pa.Commonwealth Ct. 558, 411 A.2d 890 (1980), in which this court upheld a suspension of benefits where the claimant's loss of earnings resulted from a discharge from a light-duty position because of the conduct of claimant and not from any other cause. *See also Shenango, Inc. v. Workmen's Compen-*

*sation Appeal Board (Swan)*, 107 Pa.Commonwealth Ct. 254, 528 A.2d 672 (1987).

 In the matter before us, claimant suffered a work-related injury. Claimant was released to work a pre-existing light-duty position. Notably, the position was not especially created for the claimant. It was a position, employer filled in the course of its everyday affairs. This was performable work, available to the claimant. This work remained available to claimant at all times, except for the claimant's inability to obtain a CDL. This factor is the sole fault of the claimant's. Since it in no way relates to the claimant's disability, claimant has failed to sustain his burden of proving the termination was related to his injury. Hence, the Board's decision affirming the award of partial disability benefits and denying claimant's petition for reinstatement was well founded.

Accordingly, the order of the Workmen's Compensation Appeal Board is affirmed.