**Juanito VAZQUEZ, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (MASONITE CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 1, 1996.
Decided Dec. 31, 1996.

Mark A. Givler, Lock Haven, for petitioner.

Matthew D. Dempsey, Scranton, for respondent.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Juanito Vazquez (Claimant) appeals from the order of the Workmen's Compensation Appeal Board (Board) that affirmed the Workers' Compensation Judge's (WCJ) denial of benefits to Claimant. We affirm.

Claimant filed a claim petition pursuant to the Workers' Compensation Act,[1] alleging he developed chronic bronchitis as the result of exposure to chemical fumes and dust while working for Masonite (Employer). Employer denied liability, and a hearing was held before a WCJ who found that Claimant had a predisposition for asthma, that exposure to wood dust at work was not the underlying cause of the asthma condition, and that Claimant admitted that he is allergic to many substances outside of the work place which could have caused the asthma[2].

---

1. The Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 1–1041.4.

2. On May 5, 1991, the WCJ made the following pertinent findings of fact:

> 5. The claimant's position at Masonite required him to put paint and chemicals into a machine comprised of two rollers, which wood paneling was fed through and coated with a paint finish. In 1985, he began having some breathing problems and was admitted to the Tioga General Hospital. Thereafter, he returned to employment but the problems returned and he permanently terminated his employment.
> * * * * * *
> 7. The claimant admitted that he is allergic to aspirin, some other forms of medication, cows, dogs, horses, trees, and animals in general.
> * * * * * *
> 13. Finally, the defendant had the claimant examined by Nat Levinson M.D., who specializes in pulmonary disease. As part of his examinations, Dr. Levinson performed x-rays, pulmonary function tests and blood work, all of which confirmed the presence of some ob-

structive lung disease. Because there was reversibility of symptoms following medication, Dr. Levinson felt the claimant suffered from asthma, which was etiologically related to an underlying allergic predisposition. Dr. Levinson did not find the claimant's asthmatic condition to be disabling. Finally, Dr. Levinson reviewed the air study samples, particularly with reference to formaldehyde and concluded that the claimant's problem did not arise from the limited concentration of formaldehyde in the air.
> * * * * * *
> 14. There is a consensus between the medical experts, that the claimant has asthma and that he should remain out of dusty workplaces and those where he would be exposed to any kind of fumes. The more difficult question is whether the asthma itself, was caused by the claimant's employment with Masonite or whether his asthma was a pre-existing condition temporarily aggravated by his work. The Referee accepts the air study samples that the volume of formaldehyde in the air was not at dangerous levels and there seems to be no positive medical opinion as to whether formal-

After review of all the evidence, the WCJ issued a decision and order dismissing the petition. Claimant appealed to the Board, which affirmed the WCJ. Claimant then appealed to this Court, which remanded to the WCJ for a determination of whether Claimant's asthma was aggravated by his exposure to dust and fumes in the course of his employment. On remand, the WCJ, finding Employer's medical expert credible, found that any aggravation of Claimant's condition was non-work related.[3] The Board affirmed, finding that the WCJ's findings of fact were supported by substantial evidence.

■■■ On the present appeal to this Court,[4] Claimant argues that the Board erred in affirming the WCJ because the findings of fact are not supported by substantial evidence,[5] since the aggravation of Claim-

ant's pre-existing asthma condition was caused by the workplace.

■■■ A claimant with a pre-existing condition, who alleges an aggravation of that pre-existing condition, is entitled to compensation if he shows (1) that the injury or aggravation arose in the course of employment, and (2) that the injury was related to that employment. *Knapp v. Workmen's Compensation Appeal Board (GTE)*, 671 A.2d 258 (Pa.Cmwlth.1996). Where it is not clear that the injury was related to the employment, unequivocal medical testimony is necessary. *Id.* The question of whether medical testimony is unequivocal is a conclusion of law fully reviewable by this Court, unlike credibility determinations. *Lewis v. Commonwealth*, 508 Pa. 360, 498 A.2d 800 (1985).

---

dehyde causes asthma. In sum, the Referee concludes, in accord with Dr. Levinson that the claimant had a pre-disposition for asthma that could have manifested itself through many types of activity or exposures, but the exposure to wood dust while at Masonite was not the underlying cause of the asthma condition. Additionally, the claimant is able to work and engage in physical activity as depicted upon the surveillance films.

The WCJ also found, as Conclusion of Law 2, that "[b]ecause the claimant has failed to meet his burden of proof, and establish that he suffers from an occupationally related disease, his claim petition should be dismissed." (5/5/91 Referee's decision).

3. On remand, on June 15, 1995, the WCJ made the following finding of fact:

6. The evidence in this case reveals that there is a consensus between the medical experts that an exposure to many things, including various flora and fauna as well as industrial dust and fumes, will aggravate the Claimant's asthmatic condition. The medical evidence further indicates that the Claimant's asthma was indeed aggravated, but that this was the result of exposure to numerous nonwork-related asthma-inducing factors. Dr. Lenox, the Claimant's treating physician, admitted that the Claimant has tested positive for numerous allergens, and has had multiple asthma attacks after his last exposure to any work related substance....

The WCJ also made the following conclusion of law on June 15, 1995:

The Court in *Levering v. WCAB (Buck Co. Inc.)*, 153 Pa.Cmwlth. 533, 621 A.2d 1178 (1993), found that since Levering's pre-existing chronic bronchitis caused her to react adversely to particulate in the employment site, but the medical evidence accepted established that the

bronchitis was not additionally aggravated by her exposure, the Worker's Compensation Judge could deny her benefits. Similarly, the asthmatic condition suffered by the Claimant in the instant case may have caused him to react adversely to his work environment, but credible medical evidence here shows that his asthmatic condition, already aggravated by numerous nonwork-related substances, was not additionally aggravated by the Claimant's work environment. It is as a result of the non-work related aggravations of his asthmatic condition that the Claimant is no longer able to work in the Masonite plant. Although the Claimant may be disabled from his previous employment, that disability is not the result of a work related aggravation of his pre-existing asthma.

4. Our scope of review of an administrative agency decision is limited to determining whether constitutional rights were violated, an error of law was committed, and whether the necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

5. Substantial evidence is defined as that relevant evidence which a reasonable mind might accept as adequate to support the finding of the WCJ. *Myers v. Workmen's Compensation Appeal Board (C.W. Wright Construction Co., Inc.)*, 657 A.2d 129 (Pa.Cmwlth.1995). Where the Board takes no additional evidence, as in the present case, the WCJ is the ultimate fact finder whose findings, if supported by substantial evidence, must be accepted. *Moore v. Workmen's Compensation Appeal Board*, 539 Pa. 333, 652 A.2d 802 (1995). The substantial evidence test will fail only when it is clear that the supporting evidence is so inadequate that findings based upon it become mere conjecture. *Myers.*

 A work related aggravation of a non-work related preexisting condition is an "injury" within the meaning of the Act. *Pawlosky v. Workmen's Compensation Appeal Board (Latrobe Brewing)*, 514 Pa. 450, 525 A.2d 1204 (1987). However, a claimant with a preexisting, non-work related condition, although disabled from the workplace because of this condition, is not entitled to benefits where the workplace did not cause or aggravate the condition. *See e.g., Schneider, Inc. v. Workmen's Compensation Appeal Board (Dobbin)*, 664 A.2d 232 (Pa.Cmwlth.1995).

 The WCJ found credible the testimony of Employer's physician Dr. Levinson.[6] Dr. Levinson testified that "I continue to believe following my second evaluation that his primary illness was that of bronchial asthma. Additionally, I felt that he had an allergic predisposition in view of his prior allergy testing and his reports of chronic seasonal allergies compatible with hay fever." (Notes of Testimony (N.T.) of March 17, 1989 deposition at 24). "It was my opinion that his bronchial asthma was etiologically related to his underlying allergic predisposition." *Id.* at 27. When asked whether, within a reasonable degree of medical certainty, he had an opinion as to whether Claimant's asthma was causally related to the employment, Dr. Levinson testified that, "I do not feel that his asthma was causally related to his employment at Masonite." *Id.* at 29. Thus, Dr. Levinson presented unequivocal medical testimony regarding the relationship between Claimant's asthma and his employment.

In *Knapp v. Workmen's Compensation Appeal Board (GTE)*, 671 A.2d 258 (Pa. Cmwlth.1996), the Court held that the fact that nonoccupational stimuli can also aggravate the pre-existing condition will not affect the eligibility for compensation for future work-related aggravations, as long as the work-related stimuli is the substantial contributing factor to the aggravation. The WCJ in *Knapp* found it undisputed that the employee's breathing problems were exacerbated by his exposure to the work environ-

ment, but failed to make a specific finding as to whether the accepted medical testimony established that the employee could not return to the workplace because of the possibility of a recurrence. The Court stated that if the WCJ found that the employee could not return to work solely because of a non-work related aggravation of the asthma, then he would not be entitled to benefits. Here, the WCJ specifically found that Claimant's aggravated symptoms were *not* causally related to his employment.

Moreover, the present matter is distinguishable from *Fink v. Workmen's Compensation Appeal Board (Walbridge Corp.)*, 678 A.2d 853 (Pa.Cmwlth.1996). In *Fink*, the WCJ found that the claimant sustained a work-related injury in the nature of an aggravation of her underlying asthma condition as a result of exposure to fumes in the workplace. The WCJ also found that the aggravation completely resolved itself within seven days, and that any residual disability was solely the result of her pre-existing condition. The claimant appealed and the Board affirmed, finding that where a claimant's disability is caused by an aggravation, but the aggravation completely resolves, the award of benefits would be inappropriate even though the claimant is unable to return to the employment. On appeal, this Court held that the claimant should not be forced to return to the workplace when the symptoms would reappear.

 Here, there is no dispute that Claimant's difficulties continue to disable him even though his employment has ceased. This, compounded with the WCJ's finding that Claimant did not suffer from any work-related aggravation, but only from a nonwork related aggravation which was coincidental in time with his employment, supports the holding that Claimant did not meet his burden of proof. Further, the WCJ found that Claimant's disability resulted from the natural progression of asthma caused by exposures outside of the workplace, and that the exposure at work did not materially contribute to the asthma. An injury or disability that results

---

6. The referee, as the ultimate fact-finder, has the exclusive authority to determine the credibility of witnesses and to resolve conflicts in testimony.

*Crowell v. Workmen's Compensation Appeal Board (Johnson Dairy Farm)*, 665 A.2d 30 (Pa. Cmwlth.1995).

from the natural progression of a pre-existing condition is not a compensable condition. *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass)*, 515 Pa. 315, 528 A.2d 580 (1987). Therefore, we hold that Claimant did not meet his burden of proof in establishing that the aggravation of his pre-existing condition was due to his employment.

## ORDER

AND NOW, this 31st day of December, 1996, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.