**Stephen B. BATOFF, Ph.D., Petitioner,**

v.

**STATE BOARD OF PSYCHOLOGY,
Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 4, 1998.

Decided Aug. 12, 1998.

Reargument Denied Oct. 13, 1998.

David S. Dessen, Philadelphia, for petitioner.

Jackie Wiest Lutz, Harrisburg, for respondent.

Before McGINLEY and SMITH, JJ., and McCLOSKEY, Senior Judge.

SMITH, Judge.

Stephen B. Batoff, Ph.D., petitions for review of the order of the State Board of Psychology (Board) that, inter alia, reprimanded him and imposed a $3,000 civil penalty for his violations of Sections 8(a)(9) and 8(a)(11) of the Professional Psychologists Practice Act (Practice Act), Act of March 23, 1972, P.L. 136, *as amended*, 63 P.S. §§ 1208(a)(9) and 1208(a)(11). These sections permit the Board to discipline psychologists for violating the Board's regulations and for committing immoral or unprofessional conduct. Batoff contends that the Board violated his due process rights; that Ethical Principle 2 of the Board's regulations, 49 Pa.Code § 41.61, is unconstitutionally vague; that the psychological evaluations that he prepared did not violate Ethical Principle 2; and that there is no common understanding among psychologists regarding the proper contents of psychological evaluations and reports.

I

In January 1991, the Board issued a 33–Count order to show cause seeking to revoke Batoff's license to practice psychology based on charges that he violated both the Practice Act and the Board's regulations.[1] Batoff's license was issued by the Board in December 1979. The charges related to Batoff's submission of claims for payment for his treatment of 44 persons insured by State Farm Insurance Company (State Farm) from 1982 through 1988. For each insured, Batoff prepared a document entitled "Psychological Evaluation," stating that the person had been involved in an automobile accident and that Batoff had treated the person for certain psychological conditions resulting from the accident by using particular psychological methods. The charges fell into two broad categories: (1) Batoff misrepresented his degree, qualifications and credentials in stationery and in testimony during litigation over the bills that he submitted to State Farm for the services rendered to the insureds; and

1. This case has previously been before this Court. See *Batoff v. State Board of Psychology*, 158 Pa. Cmwlth. 267, 631 A.2d 781 (1993), *aff'd per* *curiam*, 547 Pa. 518, 692 A.2d 139 (1994) (issue involved the comingling of prosecutorial and adjudicatory functions of the Board).

(2) Batoff failed to recognize the boundaries of his competence while he provided the services to the insureds.

After the completion of hearings in 1995 and the close of the record in January 1996, the hearing examiner issued her proposed adjudication and order in which she recommended that all of the charges against Batoff be dismissed. On review, the Board entered an adjudication and order sustaining 6 of the 33 Counts and determining that Batoff had violated the Practice Act by violating Ethical Principle 2. This Principle states that a psychologist is to recognize the boundaries of his or her competence and the limitations of his or her techniques and that a psychologist does not offer services or use techniques that fail to meet professional standards established in particular fields. Specifically, the Board concluded that Batoff had violated Ethical Principle 2 by rendering psychological services to the insureds when his training and education did not qualify him to provide such services.

Drs. Leonard Paul and Donald Bersoff, Commonwealth expert witnesses, testified before the hearing examiner that Batoff's degrees and training did not make him qualified to give and to evaluate the psychological tests that he administered to many of the insureds. At the time of hearing, Dr. Paul was defending a lawsuit filed by Batoff in 1990 in the Philadelphia County Court of Common Pleas, alleging a conspiracy between Dr. Paul and State Farm for purposes of destroying Batoff's practice. The hearing examiner noted that Dr. Paul has testified against Batoff since 1981 and carried out a vendetta against him for 14 years and that Dr. Paul has consistently maintained that Batoff violated ethical standards by using "Ph.D." after his name because his degree is not from a regionally accredited institution. Dr. Bersoff is an attorney and an unlicensed psychologist who was qualified by the Board for purposes of the hearing as an expert in professional ethics, credentials evaluation and psychological testing.

The Board emphasized that its decision was drawn from the collective expertise of its members and that it was based on the Board's independent judgment. While stating that Dr. Paul's testimony validated its own conclusions, the Board determined that the psychological evaluations prepared by Batoff on State Farm-insured accident victims between April 1982 and July 1988 were "clearly substandard" and showed that he failed to recognize the boundaries of his competence. As a result, the Board found that Batoff had engaged in unprofessional conduct (Counts 18–20). The Board further determined that Batoff had violated Ethical Principle 2 by improperly issuing a psychological report based upon a psychological test that a patient only partially completed. The patient, Kenneth H., purportedly failed to answer 158 of the 588 questions in the Minnesota Multiphasic Personality Inventory Test ("MMPI"), making the results of the test unreliable. Batoff failed to note this in his report and discussed the results of the MMPI as if the test had been valid (Count 29).

Finally, the Board found that the evaluations that Batoff prepared in relation to his treatment of nine of the insureds were woefully inadequate in light of the prevailing standards of his profession. In particular, the Board noted that Batoff had administered a California Achievement Test to Tracy E., a four-year-old accident victim; the test is widely administered to grade school students to assess academic performance but "is inappropriate for a four year old child unless the child is extremely precocious." Board opinion, p. 46. Batoff's report for this child stated that he gave her the California Achievement Test, but Batoff testified that he actually administered a Children's Apperception Test. Based on these facts, the Board concluded that Batoff had violated Ethical Principle 2 and had engaged in unprofessional conduct (Counts 30–31). The Board imposed punishment against Batoff for these violations, and this petition for review followed.[2]

**2.** In reviewing an order from the Board, this Court may only determine whether necessary findings of fact are supported by substantial evidence or whether the Board committed an error of law or an abuse of discretion. *Giddings v. State Board of Psychology,* 669 A.2d 431 (Pa.

■ Batoff first argues that Ethical Principle 2 is unconstitutionally vague and that the Board denied him due process by finding him guilty of violating the regulation. The Board responds that Batoff has waived these constitutional arguments because he failed to state them in his petition for review. Batoff maintains that the constitutional arguments were encompassed in a general statement in his petition for review that the Board had erred by concluding that he violated Ethical Principle 2. Under Pa. R.A.P. 1513(a), a petition for review must contain a general statement of the petitioner's objections to the agency's order, and constitutional issues not raised in the petition for review, nor fairly comprised in the objections stated therein, are waived. *S.T. v. Department of Public Welfare*, 681 A.2d 853 (Pa.Cmwlth. 1996), *appeal denied*, 547 Pa. 747, 690 A.2d 1165 (1997). The Court concludes that Batoff's constitutional arguments, raised explicitly for the first time in his brief to this Court, are not fairly comprised by the objections stated in his petition for review, and they are therefore considered by the Court to be waived on appeal. *S.T.*

■ However, the Court concludes that the record does not support the Board's determinations that Batoff violated Ethical Principle 2 and the Practice Act by acting beyond his qualifications in evaluating the insureds and by creating inadequate psychological evaluations. The Board relies on *Kundrat v. State Dental Council and Examining Board*, 67 Pa.Cmwlth. 341, 447 A.2d 355 (1982), in its decision and on *Makris v. Bureau of Professional and Occupational Affairs*, 143 Pa.Cmwlth. 456, 599 A.2d 279 (1991), in its brief to this Court for the proposition that the Board may base its decisions upon the collective expertise of its members. While the Board is correct in its

statement of the law, neither of these decisions supports the rejection of expert testimony in favor of an administrative body's independent judgment.

First, the Board's argument that it relied on Dr. Bersoff's testimony is belied by pages 39–40 of the Board's decision, where the Board stated that it was putting aside the issue of Batoff's professional training and was deciding Counts 18–20 on the basis that the psychological reports were inadequately prepared.[3] Dr. Bersoff's testimony related only to the extent of Batoff's training, which in no way formed the basis for the Board's decision. The expert witness for Batoff, Dr. Howard Adelman, specifically stated that psychological reports may vary depending upon their purpose and for whom they are prepared and that Batoff's reports were within the standard of competency despite their quality. Second, the Board explicitly stated that its decision was not grounded on Dr. Paul's testimony because of his possible bias against Batoff. Additionally, neither of the experts who testified on Batoff's behalf was credited by the Board, making the Board's judgment the only basis for the Board's determination on Counts 18–20. Thus the Board impermissibly substituted its opinion for that of the expert witnesses who testified before the hearing examiner, and no evidence remains which supports the Board's determination on these counts.

The Board does not explain why the five untainted Board members who decided this case were independently qualified to substitute their opinions for those given by the expert witnesses. The Court notes that one of the Board members adjudicating this case served as a representative of the public at large and that the Practice Act does not require that professional members of the Board practice psychology for any particular period of time. Section 3.1(a) of the Practice

Cmwlth.1995). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *City of Philadelphia v. Workers' Compensation Appeal Board (Cronin)*, 706 A.2d 377 (Pa.Cmwlth.), *appeal denied*, —— Pa. ——, —— A.2d ——, 1998 WL 320263 (No. 93 E.D. Alloc. Dkt.1998, filed June 18, 1998).

3. The hearing examiner noted that the Board issued Batoff a license in 1979 to practice psychology based on his credentials and that it was foolhardy to attempt to disparage those credentials in 1996 at the time of the hearing. She further noted that Batoff was not prohibited in 1983 from using "Ph.D." after his name after attaining a degree from a non-regionally accredited institution.

Act, 63 P.S. § 1203.1(a). In *Makris* the Court stated that the board did not abuse its discretion by making its own independent evaluation of the evidence where no expert opinion testimony was presented by the petitioner. In *Kundrat* the Court recognized the independent expertise of members of the State Dental Council and Examining Board and their ability to draw upon their expertise in deciding the issues related to the petitioner's violation of The Dental Law, Act of May 1, 1933, P.L. 216, *as amended*, 63 P.S. §§ 120–130i. The board included the State Dental Society president, the Commissioner of Professional and Occupational Affairs and a number of dentists who had been engaged in the practice of dentistry for at least ten years as required by The Dental Law. As indicated, these cases do not lend support to the proposition that the Board in the case sub judice was empowered with unfettered discretion to exercise its own independent judgment in deciding issues requiring expert testimony where expert witnesses did in fact testify about issues before the Board. Accordingly, the Board's decision to sustain Counts 18–20 shall be reversed.

The Court likewise finds no substantial evidence to support the Board's conclusion that Batoff improperly issued a psychological report regarding Kenneth H. based on a psychological test that the patient only partially completed. The record reflects that Kenneth H. indeed completed the test, although not in one sitting. After the first sitting, Batoff made a photocopy of the incomplete answer sheet for his files, and Kenneth H. finished the test one or two days later. Contrary to the Board's assertion, the record shows unequivocally that Batoff used the completed MMPI as the basis for his psychological evaluation of his patient, and Batoff never stipulated that he used the incomplete answer sheet in his evaluation. Substantial evidence is also lacking for the Board's finding that Batoff administered a California Achievement Test to a four-year-old girl, Tracy E. Although Batoff's psychological report refers to the California Achievement Test, Batoff's uncontradicted testimony was that he gave Tracy a Children's Apperception Test, which was misunderstood during the transcription of his notes by a secretary to be the California Achievement Test. Accordingly, the Board's decision to sustain Counts 29–31 shall be reversed as well.

Based on the foregoing, the Court shall reverse the Board's order that found Batoff guilty of violating Ethical Principle 2 and of engaging in unprofessional conduct because substantial evidence does not support the factual findings that underlie the charges sustained. The relevant evidence offered in this case simply does not support the conclusions reached by the Board. *City of Philadelphia v. Workers' Compensation Appeal Board (Cronin),* 706 A.2d 377 (Pa.Cmwlth.), *appeal denied,* —— Pa. ——, —— A.2d ——, 1998 WL 320263 (No. 93 E.D. Alloc. Dkt. 1998, filed June 18, 1998). The facts that purportedly underlie portions of the Board's decision are so inadequate and forcefully contradicted by uncontroverted facts of record that the administrative findings become mere conjecture. *Myers v. Workmen's Compensation Appeal Board (C.W. Wright Construction Co.),* 657 A.2d 129 (Pa.Cmwlth.1995). Because of the resolution of this case, the remaining arguments raised by Batoff on appeal need not be considered.

### *ORDER*

AND NOW, this 12th day of August, 1998, the order of the State Board of Psychology is reversed.